## DEANE *v.* ECHOLS.

REVERSIBLE ERROR; ACTIONS; UNLIQUIDATED DAMAGES;
73D RULE; PLEADING AND PRACTICE.

1. If in an action at law, a judgment is entered upon demurrer, and by inadvertence due to the plaintiffs claiming in their declaration interest to which, from their own showing, they are not entitled, such interest is allowed in the judgment, the judgment is on appeal reversible for that reason.

2. For the breach of a contract to make a deed of conveyance of real estate upon the payment of the purchase price, the right of action of the intending vendees is for damages sustained by them by reason of the breach of contract, and not for the recovery of the money paid by them.

3. Such a suit being for unliquidated damages is not within the meaning of R. S. D. C., Sec. 825, authorizing the rendition of summary judgments in actions upon open accounts when verified by affidavit, nor is such a suit within the meaning of the 73d rule of the Supreme Court of the District, authorizing similar judgments upon affidavit in actions arising *ex contractu*.

4. The actions *ex contractu* to which such rule refers are such as arise upon money demands pure and simple, such as actions for a liquidated and specific amount of money for the payment of which there is an express contract between the parties, or for which the law implies a contract, and not actions for breach of contract when the contract is for something else than money.

5. Where to a plea by a defendant of *coverture* of the plaintiff, and that she has no separate estate, in an action at law for the breach of a contract, the plaintiff desires to rely upon an estoppel of

the defendant to deny that money fraudulently received by him was the sole and separate property of the plaintiff, such objection should be availed of by replication and not by demurrer.

6. The rules of practice of the Supreme Court of this District prescribing the time and order of pleading have superseded the old doctrine of imparlance.

7. While leave to plead over after the overruling of a demurrer may not be a matter of right for which a writ of error will lie, it is universally granted as a matter of course unless the party filing the demurrer indicates his determination to stand by it.

8. A plea in abatement may in this District be filed after a demurrer has been overruled.

No. 254. Submitted February 21, 1894.—Decided March 5, 1894.

Hearing on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding a law term, sustaining a demurrer to a plea, and from a judgment for the plaintiffs on failure of the defendant to plead over, in an action for a breach of contract. *Reversed.*

The Court in its opinion stated the case as follows:

The facts in this case, so far as they can be gathered from the record, are these: On July 18, 1888, the appellees, Priscilla Echols and Annie Coats, purchased or agreed to purchase from the appellant, Julian W. Deane, eight lots of land in a tract known as Lincoln, in the county of Washington, in the District of Columbia, for the sum of $400, of which the sum of $25 was to be paid in cash, and $10 monthly thereafter, until the whole sum was paid, with interest at the rate of six per centum per annum on the deferred payments. In consideration of this sum of $400 and interest, the appellant agreed to convey to the appellees the lots of land in question by a good fee simple deed, free from all incumbrances. Presumptively, this conveyance was to be executed upon the payment in full of the specified consideration; but there is no express statement to that effect in the declaration, or anywhere else in the record. When one-half of the amount of the purchase money, that is, the sum of $200, had been paid, the appellant, it is said, in consideration of the prompt payment of the residue as it should become due, agreed to remit the interest on the one-half yet

to be paid. This one-half, that is, $200 without interest, was accordingly paid. It does not appear by any positive averment that the appellees took possession of the property; but there is ground for conjecture that they did from an allegation in their declaration to the effect that, relying upon the good faith and integrity of the defendant (the appellant), they caused improvements to be made, consisting of the digging of a well, at the cost of $49.75. On December 22, 1891, having paid the $400, with interest on the one-half of it, as stated, they demanded a deed for the land, and were refused. Thereupon, not however until March 11, 1893, they brought this suit to recover for the breach of the contract.

The declaration contains two counts, first a special count setting forth the facts that have been here stated, and second, the common counts. The claim in both counts was for the recovery of the sum of $449.75, with interest thereon from July 18, 1888, the date of the contract. Annexed to the declaration was a bill of particulars containing two items, one of $400 for the purchase money, and the other of $49.75 for the cost of digging a well. And there was also annexed an affidavit, intended to be used as the basis for judgment under what is known as the 73d rule of the Supreme Court of the District of Columbia, which was made by one of the appellees, Priscilla Echols, and in which the statement is that Priscilla Echols is one of the plaintiffs; that the plaintiffs' cause of action stated in the declaration is just and true; and that the sum of $449.75, with interest as therein claimed, is justly due and owing to the plaintiffs from the defendant exclusive of all set-offs and just grounds of defense.

To this declaration the appellant demurred, on the ground that no cause of action was stated; that the alleged agreement in regard to the remission of interest was *nudum pactum*, without consideration, and void; and that there was an improper joinder in the declaration of a cause of action *ex contractu*, with one *ex delicto*. The demurrer was overruled, and the defendant was required to plead. Thereupon he pleaded that the plaintiff, Annie Coats, was a married

woman, and was such at the time the contract was made, being the wife of one Scott Echols; and that she had not, and never had any separate estate. To this plea the plaintiffs demurred, and assigned two grounds of demurrer. 1st. That the defendant was estopped from denying that the money fraudulently received by him was not the sole and separate property of the plaintiffs ; and, 2d. That a plea of abatement could not properly be filed after the overruling of a demurrer. This demurrer was sustained, it is understood, on the second ground assigned, and the defendant was given five days within which to plead over. He did not plead; and thereupon judgment was rendered against him for the sum of $449.75, with interest thereon from July 18, 1888, and costs of suit.

*Mr. William A. Meloy* for the appellant:

1. The plaintiffs have never paid interest on the second moiety of the $400 purchase money, and yet the judgment awards it to them, an excess of more than $20.

2. The plea in abatement was well pleaded, and regularly. Rules 22, 24, 31, C. L. Rules, S. C. D. C.; Stephen on Pleading, 45, 46, 138, 153, 430.

3. But if the plea is to be so ignored, the question goes back to the consideration of the regularity and sufficiency of the declaration. The declaration attempts to group in one count two distinct and incompatible causes of action: one for an expenditure of $49.75 cost of digging a well, · which, if any cause of action, is one *ex delicto ;* the other for $400 in assumpsit. It constitutes also double pleading, and defendant would be compelled to plead entirely distinct pleas to several parts of the same count. The declaration admits that plaintiffs have never paid the interest they contracted to pay on the second half of the $400 purchase money. If defendant ever did say, as alleged, that he would remit this portion of the plaintiff's contractual obligation, this stipulation to release was *nudum pactum* and not binding. No specific performance could be enforced; *a fortiori,*

no damage as for a breach of contract, recovered. Nor is there in the declaration any averment of damage to justify a recovery. Had plaintiffs' alleged full performance on their part of the contract of July 18th, 1888, and then, demand of conveyance, and refusal, they might then have gone on to declare a rescission of the contract—demanded return of the money actually paid, and brought their action for its repayment. But without notice of rescission and demand of repayment, they could recover only *damages* resulting from his breach of contract. This might be more, and might be less than the purchase money. This $400 is the measure of the cost of the performance of their contract, but not of their loss from his breach of performance.

*Mr. Will. W. Douglas* for the appellees :

1. The court below did not give judgment for more than the declaration showed the appellees had lost, in that at the time of making the payments on the first moiety of the purchase money appellees paid interest on the entire balance of the purchase money. These payments of interest became a part of the payment, and the appellees are entitled to have their interest on this part of the payment as well as the other. Considering the length of time this interest had to run, it largely exceeds the interest on the second moiety, which only began when the first moiety was paid and abated, as each monthly payment was made, and terminated upon the payment of the second moiety.

2. This is not a proper subject for review by this court, in that the question was not raised in the court below. " Courts of appeal will not take cognizance of such matters of fact or law as might have been properly adjudicated in the court below, but which were not raised at the proper time." *Harrington* v. *Minor*, 80 Mo., 270 ; *Hinman* v. *Stillwell*, 34 Hun., 178 ; *Arnold* v. *Parmelee*, 97 N. Y., 652 ; *Bray's Admr.* v. *Seligman's Admr.*, 75 Mo., 31 ; S. C., D. C., C. L., Rule 30 ; *Meloy* v. *Grant*, 4 Mackey, 486 ; *Thurber* v. *Townsend*, 22 N. Y., 517 ; R. S., D. C., sec. 825.

3. The plea in abatement was not well pleaded, in that the appellant having demurred to the declaration before filing his plea in abatement, he is presumed to have waived his rights in abatement. Stephen on Pleading, pp. 373-4; S. C., D. C., C. L., Rule 23. A general demurrer is a pleading. Evans' Pleading, p. 50, ed. 1879; Stephen on Pleading, pp. 95-96.

4. The declaration does not constitute double pleading. Chitty on Pleading, Vol. 1, p. *110.

Mr. Justice MORRIS delivered the opinion of the Court:

It is clear beyond reasonable controversy, that the judgment entered in this case is erroneous in the matter of the allowance of interest from July 18, 1888. The error, no doubt, was one of inadvertence on the part of the court, or more probably on the part of the clerk in entering it. But this inadvertence was due to the fault of the plaintiffs in claiming such interest in their declaration in direct antagonism to the showing made by them. For their claim is in substance for the return of the amount paid by them as purchase money; and they themselves show conclusively that this sum was not paid on the day on which the contract was made (July 18, 1888), and from which interest is claimed, but that payment extended over three years.

On the face of the declaration, the claim of interest from July 18, 1888, is wholly unjustifiable; and it was a palpable falsehood, though undoubtedly an unintentional one, to state in the affidavit that such interest was due from the defendant to the plaintiffs. Under their claim as stated, the plaintiffs themselves show conclusively that they are not entitled to any such interest.

An attempt was made in argument to show that the appellees had paid interest monthly on all the deferred payments, and that in some way the interest so paid exceeds the amount now claimed by them. The record affords no basis whatever for any such argument. The appellees seem to have misconstrued their remedy in this cause to some ex-

tent. They have apparently proceeded upon the theory that the refusal of the appellant to execute a deed of conveyance, as he had contracted to do, was a rescission of the contract; and that upon such refusal a cause of action had accrued to them to recover back the money which they had paid and the money which they had expended upon the property, with interest upon the whole from the date of the contract. The right to such interest, as we have seen, cannot be sustained upon any grounds. But neither was there in this case any right to recover back any money paid or expended. There was no contract, either express or implied, between the appellant and the appellees, whereby he could be held liable for the repayment of any such money. His contract was to make a deed of conveyance of the property upon their payment of the amount of the purchase money. Their cause of action arose on the 22d day of December, 1891, upon his refusal to perform his contract, and was for damages sustained by them in consequence of such refusal, not for the recovery of the money which they had paid or expended. The proper suit, in other words, was a suit for unliquidated damages, although it might well be that the actual measure of such damages in this instance might be the amount of money paid and expended by the appellees as stated in the declaration. Such a suit is not a suit on open account, such as is referred to in Section 825 of the Revised Statutes of the United States for the District of Columbia, authorizing the rendition of summary judgments in actions upon open accounts when they are verified by affidavit. There is no account whatever in this case. Nor is the action one *ex contractu* within the purview of what is known as the 73d rule of the Supreme Court of the District of Columbia, wherein similar judgments are authorized upon affidavit " in any action arising *ex contractu*." The actions *ex contractu*, to which the rule has reference, are necessarily such as arise upon money demands pure and simple—actions for a liquidated and specific amount of money, for the payment of which there is an express contract between the par-

ties, or for which the law implies a contract—not actions for breach of contract, when that contract is for something else than money. Recovery might as well be had under the rule for a breach of contract to keep in repair, or for a breach of contract to deliver goods, or for a breach of contract for marriage, as for breach of contract to execute and deliver a deed. The action here is not for money had and received, but for unliquidated damages; and until those damages are ascertained in some of the ways known to the law, such as the verdict of a jury of inquiry, there can be no final judgment for them. These are all elementary principles; but they seem to have been entirely ignored in this case.

But there is another error apparent upon the record which we should not overlook. We cannot regard the demurrer of the plaintiffs to the plea of coverture as well founded in law. Two grounds are assigned for this demurrer: 1st. An estoppel on the part of the defendant to deny that the money fraudulently received by him was the sole and separate property of the plaintiffs; 2d. That a plea in abatement could not be filed after the overruling of the defendants' demurrer. The first ground was not at all referred to in argument before us, and may be regarded as waived or abandoned. The objection, if such it is, should be availed of by replication, not by demurrer; and plainly there is no ground in the record for the allegation or implication of fraud here made. The refusal of the appellant to perform his agreement may have been exceedingly reprehensible; but there is nothing in the record to show fraud on his part. If such there was, and the fraud enters into the cause of action of the plaintiffs, it should be set up by affirmative allegation.

It is understood, however, that this demurrer was sustained by the court below upon the second ground, namely, that a plea in abatement cannot be interposed by a defendant after a demurrer by him has been overruled, and further time has been given to him to plead. The theory upon which it is sought to maintain this position is, that the old doctrine of imparlance is applicable to this case; that the al-

lowance of imparlance was the continuance of a cause for a term to give the defendant time to *imparl* or negotiate with his adversary; that it became a time given to plead in the event that negotiation failed; and after a general imparlance, which was when a continuance was asked without any special reservation of right, no plea in abatement could be filed; that, if it was desired by a defendant to reserve the right to file such a plea, he was required to pray a special imparlance; that the time given in this case after the overruling of the defendant's demurrer was the equivalent of a general imparlance; and that, therefore, the defendant was precluded at this stage of the cause from interposing a plea in abatement. We cannot accept the correctness of this position.    Besides the fact that a general imparlance in its proper technical meaning implies the continuance of a cause for the term, which was not the case in the present instance, we cannot regard the doctrine of imparlance as being now in force in the District of Columbia.    It has been abolished now even in England; and since the act of Congress of March 3, 1863 (12 Stat., 763), which created the Supreme Court of the District of Columbia, and gave it authority to establish rules of practice, which authority that court has exercised by the promulgation of rules of practice wherein the time and order of pleading have been specifically prescribed, there is no longer any room in our civil procedure for the doctrine of imparlances.

Imparlance was a matter of grace and favor.    A general imparlance gave a defendant a full term of court to negotiate and plead, on condition that he should not then interpose any dilatory pleas.    Such pleas were required to be pleaded, if at all, at the term of the court at which the defendant was brought in; although by procuring a special imparlance the right to file such pleas might be extended to the term to which the imparlance extended.    When the time for pleading is fixed and definite, as it now is by the rules of the court, there is no room for imparlance or negotiation, and no occasion to make terms with the court—no reason to insist on

the waiver by the defendant of dilatory pleas as the condition for the delay given to him for the imparlance.

It is very true that, under the strict rules of the common law, when a party interposed a demurrer, he was regarded as electing to abide by the decision of the case on the question of law raised by the demurrer, and he was not entitled as a matter of right to plead over, in the event that his demurrer should be found insufficient. Judgment was entered upon the demurrer, unless the court in overruling it granted leave to plead over. But this leave to plead over is now universally granted as a matter of course, unless the party who files the demurrer indicates his determination to stand by it; and refusal to grant such leave is almost an unheard of thing. We do not say that it is a matter of right, for the refusal of which a writ of error would lie. But while it remains in form a matter of grace and favor, and so far a matter of grace and favor that a court may properly prescribe limitations upon the time for pleading, and even upon the character of plea that may be filed, there is no limitation to be presumed upon it other than such as is specially prescribed by the order or necessarily implied in the concession. It may be, perhaps, that when a party has asked leave of court to plead, he may not thereafter plead to the jurisdiction of the court, inasmuch as the asking of leave to plead was a virtual admission of the jurisdiction. But this it is unnecessary for us to decide.

But when the court has given a general leave to plead over within a certain specified time, and such leave to implead involves no idea of negotiation or imparlance with one's opponent, it is not apparent why a party should be precluded from interposing a plea in abatement as a defense to the action. We are not advised that there has been any practice to that effect in the District of Columbia; indeed, so far as we have been advised, the practice has been directly the reverse, and to the effect that pleas in abatement may be filed after a demurrer has been overruled. In this we see nothing unreasonable, and nothing that tends unduly

or improperly to delay the administration of justice. If a defendant chooses to rest his case upon a plea in abatement and issue is joined with him upon it, there can be no good ground on either side to complain of delay. A judgment may be thereby more speedily reached than by the general issue.

For the reasons which we have stated, we are of opinion that *the judgment rendered by the court below in this case was erroneous, and it must therefore be reversed, with costs, and the cause must be remanded to that court with directions to vacate the judgment and to overrule the demurrer interposed by the plaintiffs to the defendant's plea in abatement, but with leave to the plaintiffs to reply to said plea as they may be advised. And it is so ordered.*