GARR *v.* ALDEN.

VENDOR AND PURCHASER—SALE OF STANDING TIMBER—FRAUD—
RESCISSION.

Where, in purchasing standing timber, the purchaser used arti-
fice to prevent an investigation by the vendors, and by posi-
tive assurances of fair dealing induced them to accept his
statements both as to quantity and value, and to sell him the
timber at about one-third its actual value, such statements
were not mere expressions of opinion, but constituted such
fraud as entitled the vendors to rescission.

Appeal from Berrien; Coolidge, J. Submitted Febru-
ary 15, 1905. (Decided March 21, 1905.)

Bill by Martha A. Garr and Harriet Garr against
Horace G. Alden and Frank B. Smith to cancel a con-
tract for the sale of certain timber. From a decree for
complainants, defendants appeal. Affirmed.

*James O'Hara*, for complainants.

*Colgrove & Potter* and *Dudley M. Shively*, for de-
fendants.

MONTGOMERY, J. Complainants filed the bill in this
case to cancel and set aside a contract by which they had
agreed to sell the timber on 80 acres of land in Berrien
county. Complainants are mother and daughter; the
former being 83 years old and infirm, the latter being 45.
The bill charged that complainants were the owners of the
timber on the land in question, but that they were neither
of them acquainted with the quality or value of the same;
that the defendants came to their farm, made an estimate
of the timber, and then offered $1,650 for the same; that
complainants told defendants that they did not know how
much timber there was, or its value, and suggested hav-
ing an estimate made by some one in their interest; that

defendants assured them, in effect, that this was not necessary; that they were honest men, and had made a fair estimate; that they would not take advantage of complainants, and would deal fairly with them.

The answer admits that complainant Martha Garr at one time said she would like to have an estimate made of the timber. They allege the truth to be, however, that after this happened, after they had been through the timber and made their estimate of the same, and that in reply to her expression of desire to have some one estimate the timber for her, they said they would treat her fairly; that they showed her several contracts which they had made with other parties in that vicinity.

The testimony fairly supports the allegations of the bill. The bill also alleges that the timber included in the contract was in fact worth $6,000. Upon the question of value there was a sharp conflict in the testimony. The circuit judge found for complainants, and decreed a rescission of the contract. Defendants appeal.

It is contended that the statements made by defendants were mere expressions of opinions, and that fraud cannot be predicated upon them, inasmuch as the complainants had the means in their own hands of ascertaining the facts. This contention states a general rule. But we are satisfied that in this case defendants used artifice to prevent an investigation by complainants, and by the most positive assurances of fair dealing induced them to accept their statements, both as to quantity and value, expecting to induce, and in fact inducing, complainants to rely upon their statements, and act upon them, assuming their substantial accuracy and truth.

We think the case falls within the principle that where one is overreached by means of artifice employed to prevent an investigation as to value, and by this means is compelled to pay for or part with property upon a valuation fixed by the one employing such artifice, that fraud may be predicated thereon. 14 Am. & Eng. Enc. Law

(2d Ed.), p. 38; *Maxted* v. *Fowler*, 94 Mich. 106, and cases cited.

Upon the question of the value and quantity of the timber, we are satisfied that the circuit judge reached a very fair estimate, based upon the best evidence in the case, when he fixed the value at $4,000. The statements made by the defendants were therefore essentially and grossly false. The complainants were deceived by them.

The decree is affirmed, with costs.

CARPENTER, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.