# BROWN v. SLOCUM.

---

Usury; Statute of Limitations; Statutory Construction.

1. Where a deduction was made by the lender from a sum agreed to be loaned, and the borrower agreed to and did repay the loan in monthly instalments, and it is conceded that the amount so retained, although called a commission, rendered the contract usurious, the

borrower may maintain an action against the lender to recover the usurious interest paid, although more than a year has elapsed since the deduction was made, provided the action is brought within a year from the time of the payment of the last instalment on the loan; as there can be no usurious interest collected until the borrower has paid the full amount received, together with legal interest. (Distinguishing *Lawrence* v. *Middle States Loan, Bldg. & Constr. Co.* 7 App. D. C. 161, and construing sec. 1181, D. C. Code, 31 Stat. at L. 1377, chap. 854, allowing a party paying usurious interest to sue for and recover it, if suit is begun within one year from the date of payment.)

2. Usury statutes should be so construed as to carry into effect the intention of the legislature, and to prevent persons from violating the intent and escaping by the letter.

No. 1809.   Submitted February 13, 1908.   Decided March 10, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, rendered on an agreed statement of facts, in an action to recover usurious interest alleged to have been paid.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District of Columbia by appellee, Eva Slocum, plaintiff below, to recover from appellant, O. P. M. Brown, the sum of $48.60, alleged usury paid by appellee to appellant. The case was submitted to the court below on an agreed statement of fact, which, among other things, sets out an application for a loan signed and sworn to by appellee, the material part of which is as follows: "Miss Eva Slocum, single, hereby applies to Citizens Loan & Trust Co. for a loan of $183.60, to be repaid in twelve equal instalments, to be secured by a Deed of Trust upon certain personal property to be mentioned therein. I hereby agree to pay interest on said loan at the legal rate and to pay Citizens Loan & Trust Co. for services and expenses in investigating the application, in appraising the property, taking inventory of same, preparation of deed of trust, recording fees, and collecting payments, the sum of $48.60, the said sum to be

deducted from the loan." Appellee also gave the following note:

$183.60.

No. 280.    District of Columbia, October 31, 1905.

For value received I promise to pay to the order of Citizens Loan & Trust Co. One Hundred eighty-three and 66/100 Dollars in the following manner, to wit:

| | |
|---|---|
| $15.30 January 4, 1906. | $15.30 July 4, 1906. |
| $15.30 February 4, 1906. | $15.30 August 4, 1906. |
| $15.30 March 4, 1906. | $15.30 September 4, 1906. |
| $15.30 April 4, 1906. | $15.30 October 4, 1906. |
| $15.30 May 4, 1906. | $15.30 November 4, 1906. |
| $15.30 June 4, 1906. | $15.30 December 4, 1906. |

At any place designed by the holder hereof, with interest at the rate of six per centum per annum after maturity until paid.

Provided, That upon default in payment of any instalment when due the whole amount of this note then unpaid shall be and become immediately due and payable.

Eva Slocum.

It was also agreed that the $48.60 was deducted at the time the loan was made, which it was agreed was, "under the law in force in the District of Columbia, usury." The payments were all made when due. Appellant then interposed a plea that the payment complained of as usurious by appellee was made more than one year before the institution of this suit, and is barred by the statute of limitations. Upon these facts judgment was rendered for plaintiff, from which this appeal is prosecuted.

*Mr. Howard Boyd* for the appellant.

*Mr. Arthur A. Birney* and *Mr. Henry F. Woodard* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is admitted that the money sued for, which was retained, at the time the loan was made, under the subterfuge of a commission, was, "under the law in force in the District of Columbia, usury." This admission reduces the inquiry to one question: Is this claim barred by the statute of limitations? Sec. 1181 of the Code of the District provides: "If any person or corporation in the District shall, directly or indirectly, take or receive any greater amount of interest than is herein declared to be lawful, whether in advance or not, the person or corporation paying the same shall be entitled to sue for and recover the amount of the unlawful interest so paid from the person or corporation receiving the same, provided said suit is begun within one year from the date of such payment." The amount here sued for was deducted by appellant at the time the loan was made, October 31, 1905. On that date appellee gave her note for $183.60, receiving only $135 in return. She began paying the note on January 5, 1906, in monthly instalments of $15.30. Payments were made for twelve successive months, the last payment, completing the full payment of the face of the note, being made on December 4, 1906. This suit was brought within one year from the date of the last payment, but more than a year after the amount sued for was deducted.

It is admitted that the sum deducted was usurious under the law, but, inasmuch as it was paid more than one year before suit for its recovery was begun, appellant insists that recovery is barred by the statute of limitations. Counsel for appellant rely on the case of *Lawrence* v. *Middle States Loan, Bldg. & Constr. Co.* 7 App. D. C. 161. In that case the loan was for $4,000, and there was deducted, under the guise of a commission, $688. The loan was not paid, and, on suit to recover it, it was sought to set off the $688 under the plea of usury. On this point the court said: "But allowing to the defendant's affidavit all the force and efficacy which the utmost liberality of construction would entitle it to receive, we find that it raises but the one single substantial issue of usurious interest taken or re-

served by the plaintiff at the time of the making of the loan; and this is a defense which, under the decision of the Supreme Court of the United States in the case of *Carter* v. *Carusi,* 112 U. S. 478, 28 L. ed. 820, 5 Sup. Ct. Rep. 281, cannot be sustained or allowed. In that case the Supreme Court decided that, under the law in force in this District, when usurious interest has been paid or taken, the sole and exclusive remedy for the borrower is by a suit within twelve months to recover the amount of the usury; and that the usurious interest could not be made the subject of set-off or counterclaim, when, after the lapse of twelve months, suit is instituted for the recovery of the principal claim." But that is not this case. Here the appellee paid the full face of the note, and has adopted the only remedy offered by the law to recover usury by bringing suit for the amount of the interest paid. We think her cause of action did not accrue until the last payment was made. Until that time the full amount of the deduction had not been paid by her. There could be no usurious interest collected until the appellee had paid the full amount she received, together with legal interest. This time did not occur until within less than a year of the bringing of this suit. In *McBroom* v. *Scottish Mortg. & Land Invest. Co.* 153 U. S. 318, 328, 38 L. ed. 729, 733, 14 Sup. Ct. Rep. 852, the question there under consideration was whether, in an action for the penalty prescribed by a statute of New Mexico, the lender could be held liable so long as the principal debt, with legal interest thereon, remained unpaid. The court, speaking through Mr. Justice Harlan, said: "We are of the opinion that this question must be answered in the negative. While, under the statute, the mere *charging* of usurious interest may be a misdemeanor for which the lender can be fined, whether such usurious interest is or is not collected or received, the borrower has no cause of action until usurious interest has been actually collected or received from him. Such is the mandate of the statute. And interest cannot be said to have been collected or received, in excess of what may be lawfully collected and received, until the lender has, in fact, after giving credit for all payments, collected or received more than the sum

loaned, with legal interest. Such, in our judgment, is the true construction of the statute of New Mexico. In this view, the limitation of three years, within which the borrower may sue for double the amount of usurious interest collected and received from him does not commence to run, and therefore the cause of action does not accrue, until the lender has actually collected or received more than the original debt, with legal interest. These conclusions are supported by adjudged cases."

No more wholesome laws appear on the statute books than those for the prevention of usury. They look to the protection of a class of borrowers who can ill afford to be subjected to the mercy of the Shylocks of trade. If the defense here made should be sustained, it would put in operation a system whereby loans could be negotiated in such a manner as to practically nullify the usury laws of the District of Columbia. If the usurious amount could be deducted in advance, and security taken, providing for payments extending beyond the period of a year, so that the amount collected within a year from the date of the giving of the note and the making of the deduction would not be equivalent to the amount of the loan and legal interest, the party subjected to the usury would be powerless.

It is unnecessary to discuss the effect of a deduction of this kind under the guise of a commission, as in this case usury is admitted. It is sufficient to intimate that statutes of this kind should be construed in such a way, if possible, as to carry into effect the intention of the lawmakers, and in such a way as to prevent evilly designed persons from violating the intent and escaping by the letter. The judgment is right, and must be affirmed, with costs, and it is so ordered. *Affirmed.*