SOUTHERN TRUST CO. et al. v. LUCAS.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1917.)

No. 4870.

1. FRAUD ⬳7—FIDUCIARY RELATIONS—HOW CREATED.
    Where the parties to a transaction are strangers, they remain such, unless both consent by word or deed to an alteration of such status, and one party, by pleading ignorance and inexperience, and declaring her reliance upon the other, cannot impose a fiduciary obligation or status on such other without his consent.

2. TRIAL ⬳296(2)—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.
    In an action for fraud on an exchange of an apartment house by plaintiff for a farm owned by defendant's client, an instruction stating that one of the issues was whether there was "a condition of confidence, a reliance by the plaintiff on the defendants, she having informed them that she had no experience in such matters and relied upon them," though erroneous, was not fatal error, where another part of the charge required a finding that plaintiff depended entirely upon defendants' agents and told them so, and that they assumed to act in that capacity.

3. FRAUD ⬳23—FIDUCIARY RELATIONS—HOW CREATED.
    Where a trust company, which negotiated an exchange by plaintiff of an apartment house for a farm owned by one of its clients, sought the handling of plaintiff's property, and with full knowledge of her inexperience and desires, and her reliance on its protection and representation of her interests, proceeded under conditions justifying her in believing that they were caring for her interests, they could not abuse her confidence, but were bound to care for her interests and exercise good faith in so doing.

4. FRAUD ⬳11(2)—FRAUDULENT REPRESENTATIONS—VALUE—FACTS OR OPINIONS—"STATEMENT OF FACT."
    While a statement as to value is in one sense an expression of an opinion and in most cases nothing more, where it is made under conditions which show that it was intended to be treated as an immediate factor inducing action, and was made with knowledge that it would be accepted as a basis of action, instead of a mere element to be investigated before action, it becomes for all practical purposes a statement of fact.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statement of Fact.]

5. TRIAL ⬳296(10)—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.
    In an action for fraud in negotiating an exchange of properties, the court's characterization of expert testimony as to what constituted value in real estate as a joke, and his further statement, when objection was made, that he had used a mild term, though they might better have been omitted, were not prejudicial, where in this immediate connection

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court clearly stated his reasons for the use of the expression, and what he meant by it, and impressed on the jury that what he said was not binding on them, and that they must judge the facts for themselves.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Ollie Lucas against the Southern Trust Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

W. B. Smith and J. H. Carmichael, both of Little Rock, Ark. (J. Merrick Moore and W. H. Rector, both of Little Rock, Ark., on the brief), for plaintiffs in error.

E. L. McHaney and George W. Murphy, both of Little Rock, Ark., for defendant in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

STONE, Circuit Judge. Error from judgment for $14,963.66 as damages through deceit. The cause of action and proof for the plaintiff below was as follows:

An invalid widow, who owned an apartment house, being desirous of turning it into money, so that she could go with her aged father and small daughter to California, was induced by representatives of the trust company to permit them to exchange the apartment house for a large farm. The trust company officials represented to her that they would exchange her property for a farm which they said they knew to be worth $30,000; that they could and would then readily sell the farm, and, after taking out their stipulated commission, turn over to her a balance of $23,000. She told them that she knew nothing of farms or farming, or of farm values, did not want a farm, but wanted to convert the apartment house into money, and that this was the only property she had and her sole means of support. Relying upon their above assurances that the farm was of such value, and that they could within 30 days realize upon it for her the above sum in cash, she placed her property in their hands for such disposition. Before and during the time of the above representations and negotiations the company was, without her knowledge, the agent for the owner of said farm, and had unsuccessfully tried to dispose of it for a sum much less than the value of her property, and the officials knew the true value of the farm. Their representations to her were knowingly false, and made for the purpose of deceiving her and acquiring her property. She relied upon their statements of the value of the farm, what they could do with it, and that they were representing her as agent in the transaction. The defendant company in its pleadings and evidence challenged the plaintiff on all material points.

In the course of the charge to the jury occurs the following:

"So the issues in this case, gentlemen, which you are to determine are three: First, was there a condition of confidence, a reliance by the plaintiff on the defendants, she having informed them that she had no experience in such matters and relied upon them? That is the first issue to be determined. Second, were there false and fraudulent representations made by the defendant, or its agents, as to the value of the farm to the plaintiff which were material and which the plaintiff was induced to believe to be true and on the strength of it made that trade when she would not have made it if

the true facts had been stated to her? That is the second issue. Third, if what she alleges is true as to these two first issues, was the farm which she obtained worth less in value than the property which she exchanged? If it was worth as much as much or was worth more, then she was not injured and could not recover."

The defense was that no such representations had been made but that she had dealt at arm's length upon her own judgment after inspecting the farm; that any statements of value by the company officials were mere expressions of opinion; that the farm was equal in value to her property, so that she had suffered no loss.

The company attacks the first item in the charge of the court by saying:

"The court evidently intending to say that the defendant in error could create a fiduciary relation by simply telling the agent of plaintiffs in error that she relied upon his statement. We think a fiduciary relation is one of trust, confidence, and is a status, and that it cannot be created by the vendor stating to the purchaser that she is relying wholly upon the judgment of the purchaser as to what the property she is selling is worth."

[1] It is true that one party cannot create a legal obligation or status by pleading ignorance and inexperience to an opposing party in a business transaction. Those who have in the law's view been strangers remain such, unless both consent by word or deed to an alteration of that status. The communicated desire or intention of one to impose upon the other a different status, involving greater obligations, is ineffective, unless the other consents to the changed relation. It is true that consent may find expression in acts as readily as in words. But such consent cannot be implied from a bare procedure with the transaction, after one party has declared his or her inexperience and reliance upon the other. The knowledge of this state of mind in a party may be an important consideration in determining the existence of fraud, as indicating what effect might be anticipated from statements made; but it cannot establish a confidential legal status.

[2, 3] If the above quotation were the entire charge upon that point, it would be fatal error. But another part of the charge requires a finding that:

"In this transaction Mrs. Lucas depended entirely upon the Southern Trust Company's agents and had told them so, *and that they had assumed to act in that capacity* (italics ours)."

They cannot accept her confidence, and abuse it to her hurt. They cannot consent that she rely upon them, and deceive her through that very reliance. Much less can they deceive her, both as to the justification of that reliance and also as to the facts which would be protected thereby. Here the pleading and her proof were that the company's officials had sought the handling of her property, and, with full knowledge of her inexperience, desires, and reliance upon their protection, and their representation of her interests, had proceeded under conditions which would have justified her in believing that they were caring for her interests. Such a situation creates the obligation upon them to do so, and to exercise good faith in so doing.

[4] As to the second point, respecting the representations as to value: A statement as to value is from its very nature, in one sense,

an expression of opinion. In most instances it rises to no greater dignity. But where it is made under conditions which show that it was intended by the one uttering it to be treated as an important factor inducing action, and was made with knowledge that it would be accepted as a basis of action, instead of a mere element to be investigated by the other before action, it becomes, for all practical and effective purposes, a statement of fact, and is classed as such. There was here testimony justifying that view by the jury.

As to the third point, regarding the claimed absence of damage, because the value of the farm at least equaled that of the apartment house, it is enough to say that was a question of fact for the jury, upon conflicting evidence.

[5] A further point is urged in claimed prejudicial language used in the charge. In commenting upon the testimony of certain experts, who had testified as to what constituted value in real estate, the court characterized it as a "joke," and later, on objection to that language, said he had used a mild term. This language was extreme, and would better have been omitted. In immediate connection therewith, however, the court clearly stated his reasons for the use of the expression and what he meant by it; also, the court was very careful to impress upon the jury that what he might say was not binding upon them, and that they must themselves be the judges of the facts. We are not prepared to say that, in a closer case, the effect of this language might not be prejudicial; but we do not think it should be so regarded here.

The judgment is affirmed.

_____

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

