## POLING v. JEFFORDS et al.

(Court of Appeals of District of Columbia.
Submitted November 4, 1925. Decided
December 7, 1925.)

No. 4235.

Pleading ☞418(3)—Error in sustaining demurrer to replication is waived by pleading over.

Error, if any, in sustaining demurrer to replication, is waived by pleading over and joining issue.

Appeal from Supreme Court of the District of Columbia.

Action by Lula Virginia Poling against Tracy L. Jeffords, executor of the estate of John S. Case, deceased, and another. Judgment for defendants, and plaintiff appeals. Affirmed.

I. Q. H. Alward and H. E. Davis, both of Washington, D. C., for appellant.

E. C. Dutton, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an action in replevin, brought by appellant, plaintiff below, to recover certain jewelry and bonds held by defendant Jeffords, as executor, and deposited with the Lincoln National Bank. But one of the defendants, Jeffords, executor, is brought here by this appeal.

To plaintiff's declaration, defendant interposed the pleas of not guilty and the statute of limitations. Plaintiff joined issue on defendant's pleas, but subsequently withdrew her joinder, and to the second plea filed a replication. Defendant demurred to the replication, and the demurrer was sustained. Plaintiff amended her replication, and again a demurrer thereto was sustained. Plaintiff then pleaded over, by joining issue on the plea of the statute of limitations, and trial was had on the merits. No bill of exceptions appears in the record. The only error assigned is in sustaining the demurrer to plaintiff's replication.

The appeal can be disposed of on a single question of practice, namely, can defendant now avail herself of the ruling of the court below in sustaining the demurrer to the replication? When the demurrer to the amended replication was sustained, two courses were open to plaintiff: One, she could have elected to stand upon her replication and suffer judgment to go against her (this course would have preserved her right to have the action of the court in sustaining the demurrer reviewed on appeal); or she could have elected to file an amended pleading. This course she pursued, and filed a general traverse to defendant's plea by joining issue thereon. By adopting this course she waived any error which the trial court may have committed in sustaining the demurrer.

In United States v. Boyd, 5 How. 29, 12 L. Ed. 36, the court had under consideration a case where a demurrer to a rejoinder had been sustained by the court below, and the party, on leave, had filed an amended rejoinder. The court held that it was not called upon to rule upon the demurrer, since the right to have that question determined was waived by filing the amended rejoinder. The court said: "If the defendants had intended to have a review of that judgment on a writ of error, they should have refused to amend the pleadings, and have permitted the judgment on the demurrer to stand."

This rule was followed in Clearwater v. Meredith, 1 Wall. 25, 17 L. Ed. 604, where the court had under consideration a question identical to the one before us. The court said: "But the plaintiff claims the right to have the decision of the court below on the sufficiency of his previous replications reviewed here. This he cannot do. Each replication in this cause is complete in itself, does not refer to and is not a part of what precedes it, and is new pleading. When the plaintiff replied de novo, after a demurrer was sustained to his original replication, he waived any right he might have had to question the correctness of the decision of the court on the demurrer. In like manner he abandoned his second replication, when he availed himself of the leave of the Court, and filed a third and last one."

In Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439, where the court had under review the application of section 1533 of the District Code, Mr. Justice Pitney, speaking for the court, said: "Section 1533 of the District Code provides that in all cases where a demurrer to a declaration or other pleading shall be overruled, the party demurring shall have the right to plead over, without waiving his demurrer. This is obviously designed to modify the former rule that where, after demurrer overruled, leave was given to plead, and the demurring party pleaded to the pleading demurred to, he waived the demurrer, and took it out of the record so that it did not appear in the judg-

ment roll. * * * The section has no bearing upon the case where a demurrer is *sustained.*"

In the case at bar, the demurrer was sustained, and plaintiff, by joining issue on the plea of limitations, abandoned her amended replication, and is not now in position to ask this court to rule upon the demurrer. This disposes of the appeal.

The judgment is affirmed, with costs.