F. H. SMITH CO. et al. v. LOW.

Court of Appeals of District of Columbia.
Submitted January 6, 1927. Decided
April 4, 1927.

No. 4471.

1. Fraud ⟨=⟩47—Declaration for deceit, inducing purchase of realty, held sufficient, as showing how he was damaged.

In action against real estate brokers for damages for fraud and deceit, inducing plaintiff to purchase property, declaration held to fairly disclose that plaintiff was unable to affirm contract after discovering fraud, and hence not defective for failure to state whether defendant affirmed or rescinded contract, as affecting manner in which he was damaged.

2. Fraud ⟨=⟩12—Misrepresentations concerning in part existing facts and conditions made to induce purchase of property held actionable.

Real estate brokers' misrepresentations as to rental value of property after improvement, ability to obtain loan and to procure release of existing lease and deed of trust, and of owner's unwillingness to sell at the price named, made to induce purchase of property, held actionable.

3. Fraud ⟨=⟩11(2)—Representation of value, made to induce immediate action, is for practical purposes statement of fact.

A mere representation of value, made under conditions showing that it was intended to be treated as an immediate factor inducing action, made with knowledge that it would be so accepted, instead of an element to be investigated before action, is for all practical purposes a statement of fact.

4. Judgment ⟨=⟩262—New trial ⟨=⟩26—Objection to misjoinder of parties defendant cannot be raised for first time by motion in arrest of judgment and for new trial.

Question of misjoinder of parties defendant, raised for the first time by a motion in arrest of judgment and for new trial, comes too late.

**5. Pleading** ⟲236(1), 276—Allowance of amendments or filing of additional pleas is within court's discretion.

The allowance of amendments to pleadings and the filing of additional pleas is within the discretion of the trial court.

**6. Pleading** ⟲236(1), 276—In action for fraud, refusal to permit further amendments or filing of additional pleas by defendants held not abuse of discretion.

In action for fraud and deceit of real estate broker court's refusal to permit filing of additional pleas or further amendments by defendants, who had already filed many pleas, most of which had been held insufficient on demurrer, held not abuse of discretion.

**7. Fraud** ⟲35—Right to recover for fraud is not defeated by purchaser's affirmance of contract after discovery thereof.

Purchaser's affirmance of contract to buy property after discovery of fraud of brokers inducing purchase would not bar his right to recover for brokers' fraud.

Appeal from the Supreme Court of the District of Columbia.

Action by Frank M. Low against the F. H. Smith Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

R. G. Donaldson, Hayden Johnson, and V. E. West, all of Washington, D. C., for appellants.

S. C. Peellee and C. F. R. Ogilby, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices..

MARTIN, Chief Justice. This is an appeal from a judgment of the lower court, entered upon the verdict of a jury, awarding appellee, Frank M. Low, damages in the sum of $35,000 in an action for fraud and deceit, brought by him against appellants, the F. H. Smith Company and J. Eris Powell.

Appellee, as plaintiff below, charged in his declaration that in the year 1923 the defendants, the F. H. Smith Company and J. Eris Powell, its president, were actively engaged in the real estate business in the District of Columbia, and defendant Powell was skilled and experienced in matters pertaining to the purchase and sale of real estate therein, and so held himself out to the public; that plaintiff was a merchant, desirous of securing a location for his clothing store in the District; that he understood that the defendant company was the agent of the owners of certain real estate then known as the Ebbitt House corner, and he inquired of defendant Powell whether the property was to be improved and rented by the owners, and, if so, whether plaintiff might secure a location there; that plaintiff was then informed that the owners would not be thus interested, and defendant Powell then endeavored to persuade plaintiff to buy the property; that plaintiff was inexperienced in matters pertaining to real estate and the purchase, sale, and improvement thereof, and had no means with which to purchase such property, and so informed the defendant, nevertheless the defendant, intending to deceive plaintiff, falsely, fraudulently, and deceitfully represented and asserted on his own behalf, and on behalf of the defendant company, that the price at which plaintiff could purchase the property was so low, and so much less than the real value thereof, that if plaintiff purchased it and improved it with a new building, a portion of which would be suitable for plaintiff's purposes and the remainder for renting, it would not be necessary for plaintiff to expend therefor any funds of his own, and that he (Powell), acting in behalf of the company, could readily obtain a loan, to be secured upon the property, in an amount sufficient to provide for the purchase thereof, and thereafter another loan in an amount sufficient to provide for its improvement; also that, while there was a lease covering a portion of said property, which would not expire until May, 1925, yet neverthless the defendant Powell had made definite arrangements, so that the owner of the lease would sell it to plaintiff for the sum of $25,000, in case plaintiff purchased the property; also that, although the property and certain adjoining real estate were together covered by a blanket deed of trust incumbrance, which contained no provision for a partial release of any portion thereof, yet definite arrangements had been made whereby the owners of the property could secure the release thereof from the incumbrance, and accordingly could convey the property free from the lien to plaintiff in case he purchased it; also that defendant Powell had made arrangements to secure for plaintiff a loan upon the security of the property sufficient to provide plaintiff with funds with which to purchase it; and also that the owners of the property had received and then had an offer for it and the adjoining property, which they also owned, at a cash price per square foot in excess of that at which defendant Powell was then advising and urging plaintiff to agree to buy, and that the owners did not wish to sell to plaintiff at the price at which defendant Powell was then offering it to him, and

if plaintiff did not accept the offer at once, and execute the certain contract then offered him by defendant, plaintiff would not thereafter be able to purchase the property, except at a very much higher price.

The declaration charged that the statements thus made to him by defendant Powell, on behalf of himself and the defendant company, were each and all false and fraudulent, and made with intent to deceive plaintiff, but that plaintiff, being ignorant in said matters, believed them to be true and relied upon them, and was thereby induced to execute a contract with the owners on November 18, 1923, whereby plaintiff agreed to purchase the property at the price of $1,500,000, of which the sum of $25,000 was to be paid at the signing of the contract, $25,000 to be paid on December 15, 1923, and the balance on or before January 4, 1924; and plaintiff accordingly, relying upon the false and fraudulent representations of defendants, and believing them to be true, then and there paid to defendant company the sum of $25,000 as a deposit on account of said purchase, which sum, as defendants well knew, would be forfeited by plaintiff if he failed to carry out the terms of said agreement, which defendants had falsely and fraudulently represented they could and would enable him to do as aforesaid; but defendants, as they well knew, could not and did not perform any of the promises thus falsely and fraudulently made by them, and plaintiff was thus and thereby, and by means of said false and fraudulent misrepresentations, deceived and induced to enter into the contract of purchase, and to pay the defendant company the sum of $25,000 as aforesaid, all of which has been lost to him, and plaintiff has in and thereby incurred great expense and loss, to his damage in the sum of $50,000, for which he prayed judgment against defendants.

Defendants jointly filed a general demurrer to the declaration, which was overruled, with leave to plead within ten days. Defendants then jointly filed five pleas, whereupon plaintiff moved for judgment nil dicit. Defendants were granted leave to withdraw their pleas, and to file substitute pleas within four days. Thereupon each defendant filed three amended pleas, to all of which plaintiff demurred. The court sustained the demurrers, with leave to defendants to plead within five days. Defendants thereupon each filed five pleas, to which plaintiff demurred. The court sustained the demurrer as to all but the fifth plea, and overruled it as to that, with leave to amend within five days. Each defendant then filed two pleas, to which the plaintiff demurred. The court sustained the demurrer as to the first plea of each, and overruled it as to the second, without leave to defendants to amend. The plaintiff joined issue upon the successive, but identical, pleas No. 5 and No. 2 aforesaid. Defendants (then represented for the first time by their present counsel) filed a motion for leave to file additional pleas, which the court overruled. The case was then tried to the jury upon the issue raised by the declaration and defendants' amended pleas No. 5 and No. 2 aforesaid. These pleas simply denied that plaintiff had relied upon the representations made by defendants, and alleged that plaintiff had sought independent advice, information and knowledge, and acted throughout the whole transaction upon the advice, information, and knowledge which he obtained independently of defendants. Upon this issue the verdict was for plaintiff, and against both defendants. A motion in arrest of judgment and for a new trial was filed and overruled, and judgment was entered upon the verdict. This appeal was then taken.

Appellants deny the sufficiency of the declaration, claiming that it fails to state whether plaintiff affirmed or rescinded the contract, so as to disclose how he was damaged; also that it charges no actionable misrepresentations, and that it does not state a joint cause of action against defendants.

[1] We think the declaration fairly discloses that plaintiff was unable to affirm or proceed with the contract; the allegations of damages and the verdict are consistent with this construction. But plaintiff's averments stated a complete cause of action, without reference to the affirmance or rescission of the contract, for the action was not upon the contract of sale, but for the deceit of defendants, whereby plaintiff was induced to enter into that contract.

[2, 3] The misrepresentations alleged in the declaration were actionable. They consisted in part of statements concerning existing facts and conditions. Some of these were statements of value, which generally are understood to be mere expressions of opinion. Such a statement, however, when "made under conditions which show that it was intended" by one uttering it "to be treated as an immediate factor inducing action, and was made with knowledge that it would be accepted as a basis of action, instead of a mere element to be investigated before action, it becomes for all practical purposes a statement of fact." Southern Trust Co.

v. Lucas (C. C. A.) 245 F. 286; Garr v. Alden, 139 Mich. 440, 441, 102 N. W. 950; People v. Peckens, 153 N. Y. 576, 591, 47 N. E. 883; 26 Corpus Juris, pp. 1217–1220.

[4] As to the alleged misjoinder of defendants, this objection was raised for the first time by the motion in arrest of judgment and for a new trial; it therefore came too late to bring the question properly within the present record. Potomac Electric Power Co. v. Hemler, 47 App. D. C. 34, 45.

[5, 6] Appellants contend that the lower court erred in sustaining the several demurrers to the first amended plea of each defendant; also in refusing defendants leave to amend or file additional pleas. This point is not well taken, for the pleas in question were ambiguous and uncertain in terms, and moreover they failed to deny all of the charges of false and fraudulent misrepresentations made in the declaration. As for the lower court's refusal to permit further amendments or additional pleas to be filed, the subject was within the discretion of the court, and it is manifest from the record that the discretion was not abused.

[7] At the conclusion of the evidence the defendants requested the court to direct a verdict in their favor, upon the claim that the representations in question were not actionable, and that, if any of them was actionable, the evidence disclosed that plaintiff, did not rely upon it; also that the evidence disclosed that plaintiff, after his discovery of the alleged fraud, affirmed the contract. The lower court refused this request, and we think rightly, for in our opinion, as already stated, the misrepresentations were actionable, and the evidence sustains the plaintiff's claim that he acted upon them, nor does it appear that plaintiff affirmed the contract after his discovery of the fraud, and such an affirmance, if made, would not have defeated plaintiff's action.

Appellants complain that the lower court erroneously refused to deliver to the jury certain instructions requested by them, and that the court erred in various rulings upon objections interposed by defendants to testimony offered by the plaintiff. We are of the opinion that no error was committed in the refusal to deliver the requested instructions. The reasons for this view are sufficiently stated above. And no substantial error intervened in the court's rulings respecting the admission or rejection of evidence at the trial.

The judgment of the lower court is affirmed, with costs.