**CLAWANS v. WHITEFORD et al.**

No. 5259.

Court of Appeals of the District of Columbia.

Argued Dec. 9, 1931.

Decided Jan. 18, 1932.

Rehearing Denied Feb. 13, 1932.

Benjamin M. Weinberg, of Newark, N. J., for appellant Ethel Clawans.

William W. Bride, Edward W. Thomas, Leo A. Rover, John W. Fihelly, P. H. Marshall, W. A. Coombe, Paul B. Cromelin, and Bolitha J. Laws, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

▉ This is an appeal from an order of the Supreme Court of the District of Columbia, overruling the following motion, in a case at law:

"Comes now the plaintiff Ethel Clawans and elects to stand on her amended declaration filed herein, and moves the court for final order and judgment on said election, that when same is made that the court grant her an appeal therefrom in open court to the Court of Appeals of the District of Columbia, and fix costs on appeal in the sum of $50.00 cash or bond for one hundred dollars."

That motion was filed March 31, 1930, and was overruled April 1, 1930, while the motions to strike the amended declaration referred to had been granted March 7th preceding.

From the foregoing, it appears that any appeal plaintiff desired to take from the action of the trial court should have been taken from the order of March 7, 1930, instead of from its order on the somewhat unique motion of March 31, 1930.

For the latter we find no authority in pleading or practice, and none is cited in the plaintiff's brief.

The effect of such a motion would be to nullify limitations of time in pleading, for its use would enable a litigant at will to begin anew the running of time by the simple expedient of unsuccessfully moving the court to re-enter an adverse order.

For these reasons there is nothing properly before this court, but, were this not so, the questions attempted to be presented are based on dissatisfaction with the trial court's action on amendments to pleadings, and to its obedience to its own rules.

▉ But the allowance or refusal of amendments is discretionary with the trial court and not the subject of appeal. Schrot v. Schoenfeld, 23 App. D. C. 421; Chunn v. City & Sub. Ry. Co., 23 App. D. C. 551; Brainard v. Buck, 16 App. D. C. 595; St. Clair v. Conlon, 12 App. D. C. 161; F. H. Smith Co. v. Low, 57 App. D. C. 167, 18 F.(2d) 817.

▉ While, of course, the rules of the court bind the judges of the court as much as its litigants.

"A rule of the court thus authorized and made has the force of law, and is binding upon the court as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case." Rio Grande Irrigation Co. v. Gildersleeve, 174 U. S. 608, 19 S. Ct. 761, 43 L. Ed. 1103; Thompson v. Hatch, 3 Pick. (Mass.) 512.

The judgment must be affirmed, with costs, and it is so ordered.