## COCKRELL v. FIRST FEDERAL SAVINGS & LOAN ASS'N.

### No. 93.

Municipal Court of Appeals for the District of Columbia.

Aug. 4, 1943.

622

Jesse Lee Hall, of Washington, D. C. (William J. Neale, of Washington, D. C., on the brief), for appellant.

J. E. Bindeman, of Washington, D. C. (Sefton Darr, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant brought an action for the recovery of alleged usury. In her complaint she alleged, in substance, that on or about the 15th day of February, 1936, she borrowed from the defendant and its predecessor the sum of $4,959.13; that in payment of the loan she was compelled to pay to the defendant the sum of $7,497.46; that the interest charged and paid exceeded by $722.03 the true amount of interest due on said loan; and she sought to recover the entire amount paid by way of interest in the sum of $2,538.33.

Defendant filed a motion to dismiss the complaint and this motion was granted with leave to plaintiff to file an amended complaint. An amended complaint was filed alleging, in substance, that on, to wit, the 30th day of April, 1934 plaintiff borrowed from defendant's predecessor the sum of $3,750.00; that on, to wit, February 15, 1936, the loan was increased to $4,250.00; that the defendant and its predecessor made advancements to the plaintiff in the total sum of $4,533.41; that the interest rate on said loan was 6% per annum; that in payment of said loan plaintiff was compelled to pay defendant the total sum of $7,501.06 though in fact the total sum of principal and agreed interest amounted to but $6,156.10; that thereby plaintiff was compelled to pay excess interest in the sum of $1,344.96; and plaintiff asked for judgment for $2,967.65, the total amount paid over and above the actual money advanced. To the amended complaint was attached an extended bill of particulars including detailed interest calculations and copies of bonds and deeds of trust involved in the transaction.

A motion to dismiss the amended complaint was filed and likewise granted with leave to amend; but the trial court did not state upon what ground or grounds the action was being dismissed, nor indicate in what particulars the amended complaint was defective. Plaintiff elected not to amend, final judgment was entered against her, and this appeal taken.

I. Appellee contends that, since the amended complaint stated the loan in a different amount and at a different time from that alleged in the original complaint, it stated a new cause of action which was barred by the statute of limitations shortly after the filing of the original complaint.

An amendment which merely explains, amplifies or elaborates, or gives greater precision to, the allegations of the cause of action originally presented, is not the statement of a new cause of action. Seaboard Air Line Ry. v. Renn, 241 U.S. 290, 36 S.Ct. 567, 60 L.Ed. 1006; Neubeck v. Lynch, 37 App.D.C. 576, 37 L.R.A., N.S., 813; Steven v. Saunders, 34 App.D.C. 321. The test is "whether the cause of action remains the same in substance, notwithstanding differences of specification." District of Columbia v. Frazer, 21 App.D.C. 154. Substitution of the correct date does not operate to change the cause of action. Andrews v. Marsden, 278 Pa. 56, 122 A. 171, 29 A.L.R. 636. In spite of changes in dates and amounts, it is evident that both the original and amended complaints were based on the same transaction—a claim for usury paid on account of a loan to plaintiff —and that defendant has been in no manner misled or prejudiced by the amendment. New York Cent. & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294.

Appellee also urges that because the amended complaint sought judgment for $429.32 more than claimed in the original complaint, a new cause of action was thereby introduced. In United States Casualty Co. v. District of Columbia, 71 App.D.C. 92, 103, 107 F.2d 652, 663, the court said: "Even new items of damage arising out of the same transaction may be added by amendment without stating a new cause of action, so long as the same measure may be applied."

That case cited with approval Armstrong & Latta v. City of Philadelphia, 249 Pa. 39, 94 A. 455, 458, Ann.Cas.1917B, 1082, in which it was said: "It is well-settled law that an amendment which merely introduces an additional element of damage drawn out of the same circumstances may be allowed at any time, as it does not introduce a new cause of action." [1]

In our opinion the amended complaint did not state a new cause of action and the motion to dismiss should not have been granted on this ground.

II. Appellee contends that under Section 28—2703 of the Code a creditor seeking to enforce a usurious contract forfeits the whole of the interest contracted to be received, but under Section 28—2704, providing for the recovery back of usurious interest paid, recovery cannot be of the whole of the interest paid but is limited to the excess over and above the lawful rate of interest.[2] For this proposition it relies upon Carter v. Carusi, 112 U.S. 478, 5 S.Ct. 281, 28 L.Ed. 820, a case which arose in this District prior to the Code enactments and was governed by Sections 715 and 716 of the District of Columbia Revised Statutes. We do not interpret that decision as sustaining appellee's contention. Section 716 of the Revised Statutes, corresponding to Section 28—2704 of the Code, expressly provided for recovery of "all the interest paid."

In Richards v. Bippus, 18 App.D.C. 293, 304, decided some years after the Carusi case, and involving the same sections of the Revised Statutes, the court, referring to these two sections, said: "The law does not vitiate the loan or destroy the obligation to repay the principal on account of the usury. It contents itself with forfeiting all of the interest contracted for, if unpaid, or with permitting its recovery, if paid, by action begun within one year after payment. (Sec. 716)."

In Brown v. Slocum, 30 App.D.C. 576, decided after enactment of the Code, recovery was allowed for the entire amount of interest paid, and there was no intimation in the decision that one who has charged and collected usurious interest may retain the legal amount of interest and be compelled to refund only the excess. In Knott v. Jackson, D.C.Mun.App., 31 A.2d 662, this court affirmed a judgment for recovery of the entire amount of interest paid on a usurious contract.

We find nothing in the statutes nor in the decisions which sustains appellee's contention that a party who has successfully collected usurious interest may retain the legal amount of interest while one who has only contracted to receive usurious interest must forfeit the entire interest. We cannot believe Congress intended more favorable treatment of one who collects usury than one who seeks to collect it. We think that where more than lawful interest has been taken or received the entire amount taken or received is deemed "unlawful interest" under Section 28—2704.

III. Appellee's third contention is that the order of the trial court in effect did nothing more than allow a further amended complaint to be filed, that this was a matter within the discretion of the trial court, and consequently was not the subject of an appeal. For this proposition appellee relies upon Clawans v. Whiteford, 60

---

[1] See, also, Goodacre v. Schulmier, 64 App.D.C. 10, 73 F.2d 519; Bentley v. Standard Fire Ins. Co., 40 W.Va. 729, 23 S.E. 584.

[2] Code 1940, 28—2703: "If any person or corporation shall contract in the District, verbally, to pay a greater rate of interest than six per centum per annum, or shall contract, in writing, to pay a greater rate than eight per centum per annum, the creditor shall forfeit the whole of the interest so contracted to be received: Provided, That nothing in this chapter contained shall be held to

repeal or affect sections 26—601 to 26—611."

Code 1940, 28—2704: "If any person or corporation in the District shall directly or indirectly take or receive any greater amount of interest than is herein declared to be lawful, whether in advance or not, the person or corporation paying the same shall be entitled to sue for and recover the amount of the unlawful interest so paid from the person or corporation receiving the same, provided said suit be begun within one year from the date of such payment."

App.D.C. 412, 55 F.2d 1037, but that case does not answer the question here before us. Although generally the matter of the allowance or refusal of an amendment is within the discretion of the trial court, we do not understand the rule to be that a party must continue to amend his pleadings so long as the trial court permits. When a motion to dismiss is granted with leave to amend, the party whose complaint is dismissed has the election to amend or to stand on his pleading. If he elects not to amend, final judgment is entered and from that judgment an appeal may be taken. Parson v. Parker, 3 MacArthur 9; Deane v. Echols, 2 App.D.C. 522; Poling v. Jeffords, 56 App. D.C. 88, 10 F.2d 653; Western Electric Co., Inc., v. Pacent Reproducer Corporation, 2 Cir., 37 F.2d 14.

Reversed.

