## SCHROT v. SCHOENFELD.

---

JUSTICE OF THE PEACE, UNDERTAKINGS ON APPEAL FROM; AMENDMENTS.

1. An undertaking on an appeal from a justice of the peace to "satisfy and pay all intervening damages and costs arising on said appeal" is not a compliance with D. C. Code, §§ 30 and 31, providing that no appeal shall be allowed from a justice of the peace unless the appellant shall, within six days after the judgment, give an undertaking to "satisfy and pay any final judgment" that may be recovered in the upper court; and where such an undertaking is given the appeal is properly dismissed by the lower court.

2. While, if an appeal bond or undertaking has been presented to the trial court in due time for approval and such approval is for any good reason postponed beyond the time limited for the giving of the bond or undertaking, the party should not thereby be deprived of his right of appeal, yet in the case of an appeal from a judgment of a justice of the peace, where the record although showing that, within the time limited for the filing of the undertaking, a notice was given, or is claimed to have been given, by the appellant, that he had filed "a motion and bond for appeal," the docket entries of the justice contain no proof of the fact, but do show that thereafter and after the expiration of the time within which the undertaking might have been filed, an undertaking was filed and approved,—the appeal is properly dismissed by the lower court.

3. Omission to file an undertaking on an appeal from a justice of the peace within six days from the entry of judgment as required by D. C. Code, §§ 30 and 31, is jurisdictional in its character, and may not be supplied by the appellate court, the statute not being directory, but

mandatory. (Following *United States ex rel. Mulvihill* v. *Olabaugh,* 21 App. D. C. 440.)

4. The allowance or refusal of an amendment by the trial court is within the discretion of that court, and is not subject to review on appeal; D. C. Code, § 399, providing that the courts "shall have power" to allow amendments upon such terms as seem best to them, not being mandatory, but simply reposing a reasonable discretion in them.

No. 1372. Submitted March 22, 1904. Decided April 5, 1904.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, dismissing an appeal from a justice of the peace.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

This case was commenced before a justice of the peace, and there is no good reason apparent on the record before us why it should not have been ended there. It would seem that more money has been expended in the litigation than was originally involved in the claim; and it is not apparent that any important question of law or procedure is involved that would justify the expenditure.

The appellee, Herman Schoenfeld, sued and obtained judgment for $50 before a justice of the peace against an organization designated as the New York Journal Association; and by way of execution caused an attachment to be issued and levied upon alleged credits in the hands of the appellants, who seem to be doing business as partners. The appellants contested the attachment, admitting, however, that there were ample credits in their hands due to an organization designated in the record as "The Star Company." It may be assumed that the justice found the two organizations to be the same in fact, for, after hearing, he rendered judgment of condemnation against the assets in the hands of the appellants. The appellants thereupon, on February 4, 1903, which was the last of the six days allowed by law (Code, § 30) for the purpose, gave notice, or claim to have given notice, of an appeal to the supreme court of the District and of the intention to give bond for the appeal on February 7, 1903. For some

reason action under this notice was abandoned; and on February 7, 1903, notice was served on counsel for the appellee that, on February 4, 1903, the appellants had "filed a motion and bond for appeal," and that on February 11, 1903, they would offer a certain named surety or guarantee company as surety on the bond. On February 11, 1903, counsel for both parties appeared before the justice of the peace; and over the objection of counsel for the appellee, the justice accepted the bond, or undertaking, rather, as it was in fact, and not a bond at all, in the proper sense of the term. This undertaking, signed by Herman Schrot, for himself and for the firm of Schrot Brothers, as principals, and by the United States Fidelity & Guaranty Company, through its attorney in fact, as surety, and which the justice certifies to have been "signed, sealed, and acknowledged" before him on the 11th day of February, 1903, after reciting the judgment and the appeal from it, undertook simply "to satisfy and pay all intervening damages and costs arising on said appeal," and no more. The docket entries of the justice show an entry on January 28, 1903, as follows: "After full argument by counsel credits condemned to use of this judgment;" and thereafter no entry, except one on February 11, 1903, as follows: "Appeal from judgment of condemnation perfected." There is no entry under the date of February 4, and nothing whatever in the record, other than the recital in the notice purporting to have been given by the appellants to the appellee on that day, to show that any undertaking whatever, or bond of any kind, was presented to the justice for his approval on or before February 4, 1903.

The cause was then transferred to the supreme court of the District, and there the appellee moved to dismiss the appeal on the ground that there had been no compliance with the requirements of the Code in the matter of the undertaking. This was on March 6, 1903. On May 4, 1903, the court allowed the motion and dismissed the appeal; but in the order of dismissal allowed the appellants to file a motion, which they actually did file on the same day, for leave "to file an amended bond," or "to amend the appeal bond"—both expressions are used. On June 23, 1903, the case came up again on this motion, and the

court overruled the motion; and, after reciting that the appeal
had been dismissed by the order of May 4, 1903, adjudged that
the plaintiff Schoenfeld should recover costs against the defend-
ants, the Schrot Brothers, and have execution therefor, and that
the papers should be returned to the justice of the peace for
further proceedings therein according to law.

The amended undertaking which was proposed to be given,
and which the court refused to receive, is introduced into the
record, and conforms to the requirements of the law.

Appeal was thereupon duly taken to this court.

In this court the appellee moved to dismiss the appeal on the
ground that it had not been taken in time, and also because no
appeal will lie from an order refusing leave to amend. But, for
the reasons stated in the opinion filed in disposing of that mo-
tion, we denied it [*ante,* 306]. We held that upon the record
as made the appeal was not from the order denying the leave to
amend, but rather from the order of dismissal of the appeal,
which was kept in abeyance by the action of the court. And now
the cause has come on for hearing on the merits.

Mr. *S. Herbert Giesy* and Mr. *Frank D. Blackistone* for the
appellants.

Mr. *E. Hilton Jackson* and Mr. *Thomas J. Wingfield* for the
appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

We are of opinion that the supreme court of the District was
entirely right in dismissing the appeal taken to it from the
justice of the peace. The Code (§§ 30 and 31) peremptorily
requires that no appeal shall be allowed from the judgment of
a justice of the peace, except upon the condition precedent that
an undertaking, with sufficient surety, shall be given by the ap-
pellant, within six days after the entry of judgment, to satisfy
and pay any final judgment that may be recovered in the appel-
late court; and that such undertaking must stipulate that the

judgment of the appellate court may be entered against both the principal and the surety or sureties. No such undertaking was. given in this case. No undertaking whatever was given within the time limited by the law. The undertaking which was actually given failed utterly to comply with the requirements of the Code. Its condition was not the condition required by the statute, but a radically different one. An undertaking to pay damages and costs is not an undertaking to pay a judgment; and the omission from the undertaking that was given, of the essential provision that the judgment might be rendered against both the principal and the surety, is a radical departure from the requirement of the law. As well may an undertaking have been filed conditioned for the delivery of goods in New York. In contemplation of law there was no undertaking in this case upon which to base the appeal; and as § 31 of the Code makes the filing of a proper undertaking, such as is. there specified, a condition precedent to the allowance of the appeal, the failure of the parties to execute such an undertaking is fatal to their standing in the appellate court.

Various decisions of the Supreme Court of the United States are cited to show that "the taking of security [in connection with the allowance of appeal or citation upon writ of error] is not jurisdictional in its character, and its omission affects only the regularity of the proceedings," and that such omission may be supplied in the appellate court. *Brown* v. *McConnell,* 124 U. S. 492, 31 L. ed. 497, 8 Sup. Ct. Rep. 559; *Knox County* v. *Harshman,* 132 U. S. 14, 33 L. ed. 249, 10 Sup. Ct. Rep. 8; *Hudson* v. *Parker,* 156 U. S. 287, 39 L. ed. 427, 15 Sup. Ct. Rep. 450; *Seward* v. *Corneau,* 102 U. S. 162, 26 L. ed. 86; *Dayton* v. *Lash,* 94 U. S. 112, 24 L. ed. 33; *Jerome* v. *McCarter,* 21 Wall. 29, 22 L. ed. 516. But these and other similar cases were fully considered by this court in the case of *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440; and it was there pointed out that § 1000 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 712), under which those cases were decided, was a directory and not a mandatory statute, while the rules of this court, made in pursuance of ex-

press statutory authority, were, in regard to the matter of appeals to this court from the supreme court of the District, mandatory in their character and jurisdictional in their effect. The provision of the Code respecting appeals from justices of the peace to the supreme court of the District is even more peremptory than the rules which govern appeals to this court, and the reasoning of the *Mulvihill Case* applies more strongly, if possible, to the former class of appeals than to the latter. There can be no reasonable doubt whatever that it was the intention of the lawmakers, in formulating this provision of the Code, to make the filing of an undertaking, such as is there prescribed, an essential prerequisite and condition precedent to the allowance of any appeal. Such provision is in full accord with the general spirit of the policy which remits these small debts to the summary jurisdiction of justices of the peace.

What we have said is upon the theory that the appeal taken to this court brings up for review here the action of the supreme court of the District in dismissing the appeal taken to that court from the justice of the peace. So far as the appeal to this court seeks to review the action of the court below in refusing to allow an amendment of the undertaking, it is sufficient, of course, to say, in accordance with the general rule on the subject, that the allowance or refusal of an amendment by the trial court is in the discretion of that court, and is not the subject of appeal, and there is nothing in § 399 of the Code, cited on behalf of the appellants, to make it mandatory on the courts to allow amendments. The provision is that the courts "shall have power" to allow amendments upon such terms as seem best to them. This simply reposes a reasonable discretion in the courts.

But the question here is really not whether an amendment of an undertaking shall be allowed, but whether a proper undertaking may be filed for the first time in the appellate court; and this we hold cannot be done where, as in the present instance, the filing of a proper undertaking is a condition precedent before the allowance of any appeal.

There is another fatal defect in the case of the appellants. The statute which requires an undertaking to be given as the

condition precedent for an appeal also provides that it shall be given within six days after the rendition of judgment. This provision is likewise mandatory and jurisdictional. It may be that, as we have heretofore held in another case, if the bond or undertaking has been presented to the court or justice in due time for approval, and such approval is for any good reason postponed beyond the time limited for the giving of the bond or undertaking, yet the party should not thereby be deprived of his right of appeal. But it is incumbent on the party to present the bond or undertaking within the specified time, and if he does not do so his right to an appeal is lost.

It is claimed in argument that the undertaking in this case was presented to the justice of the peace on February 4, 1903, which was within the time limited; and, as already stated, the record contains a notice from the counsel of the appellants to the counsel of the appellee, reciting that on that day he had filed with the justice a "motion and bond for appeal." But the record contains no proof of the fact; the docket entries of the justice are silent on the subject; and the undertaking on its face purports to have been "signed, sealed, and acknowledged" before the justice on the 11th day of February, 1903. And the docket entries of the justice corroborate the fact of its execution on the last-mentioned day. This was too late. The time for perfecting the appeal had passed.

We are of opinion that there was no error in the action of the court below in dismissing the appeal that was taken to it in this case from the justice of the peace; and that its judgment here appealed from should be affirmed with costs.

The cause will be remanded to the Supreme Court of the District of Columbia, with directions to carry such judgment or order into effect.

And it is so ordered.                              *Affirmed.*