## McREYNOLDS v. MORTGAGE & ACCEPTANCE CORPORATION.

(Court of Appeals of District of Columbia. Submitted April 9, 1926. Decided June 1, 1926.)

No. 4407.

**1. Appeal and error ⬅959(1)—Judgment ⬅185.**

Permitting amendment to affidavit of merit on motion for summary judgment is within discretion of trial justice, whose action will not be disturbed, except for abuse of discretion.

**2. Bills and notes ⬅129(1)—Note held payable in 30 days, rather than in monthly installments.**

Note reading, "For value received, I (we) promise to pay * * * in monthly installments of $ *thirty days from date* each on the same day as the date hereof of the next succeeding ——— months," etc. (italicized words being written and balance printed), *held* payable in 30 days.

**3. Contracts ⬅163.**

Written parts of contract control apparently inconsistent printed parts.

**4. Contracts ⬅176(1).**

Where it is apparent that instrument was intended to and does express intent of parties, interpretation of it is question of law for court.

Appeal from the Supreme Court of the District of Columbia.

Action by Mortgage & Acceptance Corporation against William E. McReynolds, trading as R. McReynolds & Son. From a judgment for plaintiff on motion for summary judgment, defendant appeals. Affirmed.

A. M. Schwartz and W. J. Lambert, both of Washington, D. C., for appellant.

G. A. Maddox, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District of Columbia on a motion for summary judgment.

Plaintiff declared on a promissory note. That note, the material part of which we here reproduce, was on a printed form, the italicized matter being written in:

"*Washington, D. C.* Date *Jan. 27th,* 1925.
 (Town)       (State)
"For value received, I (we) promise to pay to the order of *Mortgage and Acceptance Corp six* (dealer's name here) *thousand six hundred fifteen 36/100 dollars* (total balance to be paid) *($6,615.36)* in monthly installments of $ *thirty days from date* each on the same day as the date hereof of the next succeeding ——— months at the office of Mortgage and Acceptance Corporation, Continental Building, Baltimore, Md., with interest after maturity at the highest legal rate," etc.

[1] It is first contended that the court erred in permitting the plaintiff to amend his affidavit of merit. That was a matter within the sound discretion of the trial justice, and, no abuse of such discretion being shown, his action will not be disturbed here, especially as it does not appear that the defendant was prejudiced thereby.

[2, 3] It is next insisted that the affidavit of defense entitled the defendant to a trial on the merits. The theory of defendant, appellant here, is that the note was susceptible of the interpretation that it was payable in monthly installments, and that the determination of that question was for the jury, and not the court. It is a settled rule of law that, where part of a contract is written and part printed, and the written and printed parts apparently inconsistent, the written words will control the construction. "The reason why greater effect is given to the written than to the printed part of a contract, if they are inconsistent, is that the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use, without reference to particular objects and aims." 6 R. C. L. p. 847; Thornton v. Sheffield, 84 Ala. 109, 4 So. 197, 5 Am. St. Rep. 337; Com. Title Ins. Co. v. Ellis, 192 Pa. 321, 43 A. 1034, 73 Am. St. Rep. 816; Summers v. Hibbard, 153 Ill. 102, 38 N. E. 899, 46 Am. St. Rep. 872.

[4] As to the question of interpretation, an examination of this instrument makes it apparent that it was intended to express and did express the contract of the parties, and hence that our inquiry is to be restricted to its terms. In such a situation, the rule is that the interpretation of the contract is a question of law for the court. Knickerbocker Ice Co. v. Gardiner Dairy Co., 107 Md. 556, 570, 69 A. 405, 16 L. R. A. (N. S.) 746; Holmes v. Chartiers Oil Co., 138 Pa. 546, 21 A. 231, 21 Am. St. Rep. 919. The words "thirty days from date" are inconsistent with the printed words "in monthly installments," and, being inconsistent, it must be assumed that they were selected by the parties for the purpose of fixing the time of payment. Any other interpretation does violence to the manifest intent of the parties, as expressed in the written instrument.

The judgment is affirmed, with costs.

Affirmed.