**WALTERS v. BAER et al.**

No. 5133.

Court of Appeals of District of Columbia.
Argued May 7, 1931.
Decided June 1, 1931.

Charles Linkins and Iredell Meares, both of Washington, D. C., for appellant.

Stanley H. Fischer, Norman Fischer, G. P. McGlue, Thos. F. Burke, H. Winship Wheatley, and L. S. Bendheim, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellees Baer and Scholz owned certain real estate in Washington City subject to a first deed of trust not here involved. They executed a second deed of trust to secure the payment of four notes aggregating $50,000. The bill alleges that, at the time of the execution of this trust, they became the holders of the notes secured therein, and continued as such holders until after the events out of which this suit grows. Subsequently they sold and conveyed the property to one Bur-

roughs by deed with special warranty and assurances of title, but without reference to the subsisting deed of trust, and this deed was recorded. Simultaneously they entered into a written sealed agreement with Burroughs which also was recorded, and in which the deed of trust was referred to and its terms so changed as to make the payments thereunder amount to $1,200 per month, rather than $520 per month as provided therein, and conditioned that "in the event of failure to comply with the terms of this contract, which contract, for the purpose of this agreement shall be considered as supplementary to the second trust previously referred to, then and in that event, the failure so to comply shall be considered a breach of the second trust agreement above referred to, and the trustees under the said second deed of trust shall upon notice" etc., be authorized to sell, foreclose, etc. Shortly thereafter, Burroughs conveyed the property to appellant by deed with special warranty and assurances of title, without mention of the deed of trust and agreement. But appellant, at the time of the conveyance to her from Burroughs, had notice of the deed of trust, and thereafter complied for a time with its terms as changed and supplemented by the recorded agreement referred to. Subsequently, upon her default in the stipulated payments, Baer and Scholz, as holders of the notes, called on the trustees under the deed of trust to foreclose in accordance with its terms, and appellant thereupon filed her bill for an injunction to restrain this action. Appellees appeared and moved to dismiss, and, after hearing, the lower court entered an order refusing an injunction pendente lite and dismissing the bill, and it is from this decree that this appeal is taken.

Appellant's contentions are twofold. First, she says that because of the ownership by Baer and Scholz of the notes secured by the second deed of trust, their deed to Burroughs and the deed of Burroughs to herself, with warranties and without reservation of incumbrances, extinguished the trust deed and vested in Burroughs, and afterwards in herself, the fee in the property subject only to the first trust, which, as has already been stated, is not here involved; in other words, that the deed of Baer and Scholz, in the circumstances mentioned, passed all their interest in the property, and operated to extinguish the deed of trust, and to vest in her their entire interest. And, secondly, that Baer and Scholz, as owners of the notes secured in the deed of trust, are estopped to claim under the deed of trust because of the warranty in their deed to Burroughs, who conveyed to appellant with like warranty, which is to say that appellant had a right to rely on the warranty to Burroughs without regard to the fact that she had both actual and constructive notice of the deed of trust. From what has already been said, it will be seen that Baer and Scholz conveyed the property involved in trust to secure the promissory notes of a third party, aggregating $50,000, which notes they then and there acquired. Thereafter they sold the property to Burroughs with special warranty deed and without mention of the mortgage in the deed to Burroughs, and simultaneously entered into an agreement with Burroughs in which, although not binding himself to pay the mortgage notes, he agreed that the terms of the mortgage should be changed by increasing the payments provided therein, and he in turn sold the property to appellant by deed with warranty and without reference to the mortgage. Both the agreement and the mortgage were duly recorded, and both Burroughs and appellant had actual notice of the terms of the mortgage and of the supplemental agreement in relation thereto; notwithstanding which, appellant now contends that, when Baer and Scholz sold to Burroughs, they being then the beneficiaries under the deed of trust, the effect of their deed to Burroughs was to merge the trust in the fee, and that Burroughs's subsequent conveyance to appellant transferred the fee to her discharged of the mortgage. We think the correctness of this contention depends wholly upon the intent and purpose of the parties when the transaction occurred. The rule for which appellant contends, that where an equitable and legal estate are outstanding in the same person, the former becomes merged in the latter, is, we think, subject to the qualification that, where the intention of the holder is otherwise, no merger occurs, and this is true because the reason of the rule is that when the entire equitable and legal estates are united in the same person, there is ordinarily no reason or occasion to keep them distinct; but where it is the intention of the party in whom they unite, or in his interests, or in the protection of his rights, that they should be kept separate, the rule is no longer applicable. 21 C. J. 1037. And the qualification is stronger in the case of an owner of real estate who is also the holder of a note or bond secured by a mortgage on the land. In such a case, upon transfer of the legal title, the showing that it was the intention of the parties, when they

dealt with relation to the lands, that the mortgage should be kept alive is sufficient to justify a court of equity in preserving it, and evidence of the circumstances in which the parties dealt is admissible in equity for the purpose of discovering the true intention. "The settled rule of Equity is, that the intention of the one acquiring the two interests then controls. If this intention has been expressed by taking the transfer to a trustee, or by language inserted in the instrument, it will, of course, be followed. If the intention has not been thus expressed, it will be sought for and ascertained in all the circumstances of the transaction. If it appears from all these circumstances to be for the benefit of the party acquiring both interests that a merger shall not take place, but that the equitable or lesser estate shall be kept alive, then his intention that such a result should follow will be presumed and equity will carry it into execution by preventing a merger." Pomeroy (3d Ed.) vol. 2, § 788.

In appellant's bill, she states that the property acquired by her from Burroughs was of the value of $160,000, and that there was then outstanding a first mortgage of $95,-000. She paid and promised to pay altogether $13,000 for the property, which, added to the $95,000, would make $108,000, and, if this were the basis on which the parties dealt, there was an apparent profit to her in the transaction of $52,000, or, in other words, the sale from Burroughs to her of an equity of $65,000 for $13,000. Stated thus, the presumptions would all be against appellant's contention that the parties intended to ignore the mortgage, but it is not necessary to indulge in presumptions, because when appellant acquired the property, she executed a deed of trust to secure a part of the purchase price, and on its face describes it as a third deed of trust, and, after acquiring the property, on at least two occasions prior to the default under which the sale was made, she paid on account of the second deed of trust, as supplemented by the agreement between Baer and Scholz on the one hand and Burroughs on the other, the stipulated monthly payment provided for therein. This, we think, is ample to show that the sale to her was intended by the seller, and understood by her, to be subject to the $50,000 trust, and, in this view, we think it should be held that she duly ratified the terms of the second deed of trust as modified by the agreement, and, in such circumstances, it seems to us a court of equity should prevent the merger, and keep the incumbrance alive. But, as we have already seen, appellant contends that she has

a right to rely upon the warranty contained in the deed from Baer and Scholz to Burroughs, and upon the warranty in the deed from Burroughs to herself, regardless of the fact that she possessed knowledge, both actual and constructive, of the existence of the incumbrances upon the property, and that, therefore, having so relied, Baer and Scholz, as holders of the notes secured under the second mortgage, are estopped to set up its validity as against their warranty to Burroughs, which inured to her benefit. The Supreme Court in Brant v. Virginia C. & I. Co., 93 U. S. 326, 337, 23 L. Ed. 927, states the doctrine of equitable estoppel as follows: "It is also essential for its application with respect to the title of real property that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel."

As we have already pointed out, when Burroughs took title to the property, the deed to him contained no reservation of the mortgage, but then and there he made an agreement under seal with Baer and Scholz, which agreement was admitted to record simultaneously with the deed, in which he agreed, among other things, to increase the monthly payments due under the deed of trust, and stipulated "in the event of failure to comply with the terms of this contract, which contract, for the purpose of this agreement shall be considered as supplementary to the second trust previously referred to, then and in that event, the failure so to comply shall be considered a breach of the second trust agreement above referred to, and the trustees under the said second deed of trust shall upon notice" etc., foreclose the property. We think it perfectly clear that Burroughs could not, under these circumstances, have set up the warranty in his deed in avoidance of the terms of the agreement or the trust, and we do not think that appellant, with knowledge of the deed and the increased payments under it, as provided in the agreement, was in any better plight than Burroughs would have been. She was certainly not an innocent party without notice, nor can it be contended, we think, that if in the deed from Burroughs to her there had been a recital of the facts just above enumerated, that is to say, that there was a second deed of trust outstanding on the property, the conditions of which had

been changed by agreement between the then owner of the property and the holder of the notes secured, she would be heard to say she did not take subject to both deed of trust and agreement, and we cannot see any difference between such a recital in the deed and actual knowledge of the facts on her part when she took the property. In the case instanced, that is to say, in a deed of conveyance which in terms recites the execution of an incumbrance, whether the conveyance be made subject to it or not, the grantee will be held to take subject to the incumbrance, and, if this is true, as we think it is (See Drury v. Holden, 121 Ill. 130, 13 N. E. 547), the same rule would apply where the deed contains no notice of the incumbrance, but the parties as between themselves are full-handed with knowledge of the same, and deal in respect thereto.

This leaves for consideration only the point made by appellant, that the court erred in denying her leave to file a supplemental bill. The circumstances with relation to this are that, after the motion to dismiss and the hearing, appellant offered to file a supplemental bill, but withdrew the same, and, after the decision of the court, on the motion to dismiss, was announced, tendered the supplemental bill now made a part of the record, which the court refused to allow to be filed. The rule with relation to filing supplemental pleadings is too well established to require more than brief mention. The allowance or refusal is addressed to the discretion of the trial court, which discretion ordinarily will not be interfered with, except upon a showing of gross abuse, but we have examined the supplemental bill and have reached the conclusion that, without regard to the rule, there is nothing in the supplemental bill which would compel a different conclusion than that reached by the lower court on the case made in the original bill, which we think was correct, and, in these circumstances, the decree below should be, and is, affirmed.

Affirmed.