## McDONALD v. COOPERATIVE RESTAURANT, Inc.
### No. 5623.

Court of Appeals of the District of Columbia.
Argued Feb. 10, 1933.
Decided March 13, 1933.

Philip W. Austin, of Washington, D. C., for appellant.

Alvin L. Newmyer, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appeal by plaintiff below from a judgment in the Supreme Court of the District upon a verdict directed for the defendant at the close of plaintiff's evidence in an action (filed October 31, 1928) to recover damages for personal injuries sustained by plaintiff (June 15, 1928) through an alleged assault and battery committed upon him while a patron in the "Lotus Restaurant," owned and operated by the defendant corporation in the District.

Plaintiff's declaration was in two counts, conceded to be in trespass vi et armis. The evidence for the plaintiff so far as material is substantially as follows: On the evening of June 15, 1928, plaintiff went to defendant's restaurant for dinner. A controversy arose at another table because of a violation by a guest at that table of a rule of the restaurant. This controversy resulted in a fight and the forcible ejection from the premises of the guest and his table companions, who went to his assistance. "This resulted in tremendous excitement and panic ensued among the guests and there followed a general rush for the exit, during which women were screaming and great excitement was in progress." Plaintiff testified: "That all the women were screaming in the place and everyone rushed madly for the exits; that he decided it was an unhealthy place and he attempted to get out; in order to get out, he had to cross the line of fire; that as he was on his way out, he was struck from the rear on his head, and, in falling, turned in time to see a Chinese with a water bottle, and that as he rose to his feet he was struck again on his head and saw another Chinese with a water bottle on the other side of him." Plaintiff denied that he had had anything to drink that evening, but admitted having been convicted of drunkenness on several occasions before and since the alleged assault.

During the panic a guest "ran over to the hat-check girl and asked her to call the police." She replied "that her orders were not to call the police." Over the objection and exception of plaintiff, the court rejected this testimony. The court also rejected the testimony of another witness "that the manager of the restaurant drew a pistol and pointed it to the ceiling, threatening to shoot if the guests did not remain quiet."

At the close of plaintiff's evidence (October 31, 1931) counsel for defendant moved for a directed verdict because there was no

"evidence that defendant had directed, ordered, or authorized the assault, therefore an action for assault vi et armis was not the proper action, but according to the evidence, the action should have been founded in trespass on the case and there was accordingly a variance between the pleading and the proof." Thereupon plaintiff's counsel asked leave, in the event of a directed verdict, to amend the declaration by adding two counts in negligence. The court directed a verdict, but denied the motion for leave to amend.

There was no evidence that the defendant had directed or authorized the assault. Consequently the court properly directed a verdict for the defendant. Knox v. Redwine, 61 App. D. C. 179, 59 F.(2d) 304, 60 W. L. R. 708 cert. den. 287 U. S. 636, 53 S. Ct. 86, 77 L. Ed. ——; Lisner v. Hughes, 49 App. D. C. 40, 258 F. 512.

 Neither the statement of the hat-check girl nor the threat of the manager to fire a pistol pointed at the ceiling tended to prove that the defendant had directed or authorized the assault. It was not error, therefore, for the court to refuse to consider this testimony.

 The granting or refusal of leave to amend is within the discretion of the trial court. The action of that court will not be disturbed unless there has been an abuse of discretion. United States v. Lehigh Valley R. R. Co., 220 U. S. 257, 270, 31 S. Ct. 387, 55 L. Ed. 458; Walters v. Baer, 60 App. D. C. 230, 50 F.(2d) 995, 59 W. L. R. 627; F. H. Smith Co. v. Low, 57 App. D. C. 167, 18 F. (2d) 817; Schneider v. American Bridge Co., 31 App. D. C. 420; American Mills Co. v. Hoffman (C. C. A.) 275 F. 285. More than three years having elapsed before counsel asked leave to amend, we cannot say that there was an abuse of discretion in the present case. Diligent inquiry before the filing of the original declaration would have disclosed that there was no basis for counts founded on an action of trespass vi et armis. Had an amendment been permitted, it is possible that further delay would have ensued.

Judgment affirmed.

Affirmed.