## PLUMMER v. JOHNSON.

### No. 156.

Municipal Court of Appeals for the District of Columbia.

Jan. 26, 1944.

Rehearing Denied Feb. 4, 1944.

James J. Laughlin, of Washington, D.C., for appellant.

Joseph H. Batt, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff, as endorsee and holder of a promissory note in the sum of $2,950, brought suit thereon against the maker. Defendant's answer was, in substance, a general denial, but in his affidavit of defense he admitted signing the note and averred that he had signed "without any consideration whatsoever." In his opening statement counsel for defendant informed the court that the defense was "no consideration."

Plaintiff introduced the note in evidence, and testified to its genuineness and that he was the holder in due course. On cross-examination, he testified the note was given in renewal of a prior note. Defendant's counsel attempted to interrogate plaintiff concerning the making and delivery of the original note but on objection by plaintiff was not permitted to do so.

Defendant, on direct examination, admitted his signature on the note and admitted its execution and delivery, and testified the note was a renewal of a prior note. Defendant's counsel attempted to question defendant respecting the making of the original note and the circumstances surrounding the same but objection was made and sustained to this line of questioning. Thereupon, defendant's counsel asked leave of court to amend the answer "to show fraud, misrepresentation and undue influence in connection with the making of the original note." Plaintiff objected to such amendment and the court denied leave to amend.

The court found for the plaintiff in the full amount of the note, plus interest and

attorney's fee as provided in the note, and judgment was duly entered on the finding.

As the basis for this appeal, defendant originally assigned a number of errors, but in his brief and argument in this court he asserts there is a single question of law involved in the appeal, stating that question thus: "Did the trial judge abuse his discretion in denying appellant the right to amend his answer?" Accordingly, we limit our review to this single question.

■ Section 13—301 of the Code provides that in all judicial proceedings the court shall have power upon such terms as shall seem best, at any stage of the case, to allow amendments of the pleadings. That section does not make it mandatory on the courts to allow amendments, but reposes in the court a reasonable discretion in the allowance or refusal of amendments.[1]

■ In Chunn v. City & Suburban Ry., 23 App.D.C. 551, reversed on other grounds, 207 U.S. 302, 28 S.Ct. 63, 59 L.Ed. 219, it was said: "The grant or refusal of leave to amend is a power intrusted to the trial courts that injustice and hardship may be prevented and the merits of the case fairly tried. Whether in the particular instance the leave should be granted or refused is a matter within the discretion of the trial court, and is not reviewable in the appellate court."

It has been repeatedly held in this jurisdiction that the grant or refusal of leave to amend is within the sound discretion of the trial court, and that its action cannot be reviewed on appeal except for abuse of discretion.[2]

The case had been at issue more than eight months before trial, and no reason was given to the trial court why the de-sired amendment was not sought prior to trial. Orderly procedure requires that amendments of pleadings ordinarily should be had before and not during trial, and while our Code gives the trial court broad discretion in permitting amendments at any stage of the case, that discretion, as we have said, is committed to the sound judgment of the trial court.

■■ A party comes to trial prepared to meet the issues raised by the pleadings. A change of claim or defense in the midst of trial will usually require a continuance to enable opposing side to prepare to meet the changed situation. To warrant obtaining leave to amend at trial there must be some showing of surprise or some reasonable explanation of the delay in seeking to amend. No excuse was offered by defendant for his late attempt to shift his defense. Since allowance of amendment at trial is committed to the sound judgment of the trial court, we cannot substitute our judgment. The question before us is not whether the amendment should have been allowed, but whether the court, in refusing to allow the amendment, abused its discretion. We find no such abuse.

■■ Appellant urges that the present tendency is towards greater liberality in the allowance of amendments to pleadings, as is evidenced by Rule 15 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[3] We recognize the principle that leave to amend should be freely given when justice so requires, as stated by the rule; but even that rule, liberal as it is, does not authorize amendments as of right during the course of a trial. It, like our Code section, confides the matter to the judicial discretion of the trial court.[4]

Affirmed.

---

[1] Schrot v. Schoenfeld, 23 App.D.C. 421.

[2] Schneider v. American Bridge Co., 31 App.D.C. 420; District of Columbia v. Petty, 37 App.D.C. 156; McReynolds v. Mortgage & Acceptance Corporation, 56 App.D.C. 342, 13 F.2d 313; F. H. Smith Co. v. Low, 57 App.D.C. 167, 18 F.2d 817; Clawans v Whiteford, 60 App.D.C. 412, 55 F.2d 1037; McDonald v. Cooperative Restaurant, 62 App.D.C. 48, 64 F.2d 383; Kinchlow v. Peoples Rapid Transit Co., 66 App.D.C. 382, 88 F.2d 764.

[3] The Federal Rules of Civil Procedure are not in force in the Municipal Court.

[4] Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40; Stephens v. Reed, 3 Cir., 121 F.2d 696; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F.2d 959.