HELEN NEVIN, Plaintiff and Appellant, v. JOHN S. CARLASCO and JOHN D. JUSTINI, Doing Business Under the Firm Name and Style of LEDO BAR, Defendants and Respondents.

No. 10189.
Submitted September 21, 1961. Decided October 11, 1961.
Rehearing denied November 8, 1961.
365 P.2d 637.

Horace J. Dwyer (argued orally), Maurice A. Maffei, Anaconda, for appellant.

J. B. C. Knight (argued orally), Wade J. Dahood (argued orally), Anaconda, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

Appellant instituted this action to recover damages for personal injuries suffered by her on the early morning of June 7, 1953, contending that she had been knocked to the floor and injured by the act of an intoxicated patron of the respondent partnership. From the evidence adduced it would appear that appellant and her husband, together with her daughter and son-in-law, went to a social club in Anaconda and there had one or two drinks. At about 1:00 o'clock, the appellant and her party then went to the respondents' Ledo Bar where appellant and her party again had one or more drinks.

The record further discloses that one Wilbur Workman was seated at the east end of the bar and that to his left was a girl by the name of Sandra, a presumed companion of Workman. There was no evidence adduced showing that the respondents had served Wilbur Workman any intoxicating liquor though the record does disclose that he had a glass partially filled with an amber fluid and ice in front of him; that he was creating no disturbance and neither was he noisy nor boisterous. It further appears that Workman motivated by the irresistible call of affection, endeavored to commence osculatory exercises with Sandra. She being the eternal female at the moment decided she did not want to be kissed and shoved Workman, who in turn fell off the bar stool and injured the appellant in this case, by knocking her to the floor and injuring her right ankle. Appellant testified that she did not notice Workman, that she made no complaint about him to anyone, and that she did not see anyone serve Workman a drink of anything.

On May 18, 1959, this cause went to trial before the Honorable Sid G. Stewart, sitting with a jury, and on May 19, 1959, Judge Stewart granted a judgment of nonsuit on behalf of the respondents on the grounds and for the reason that the complaint failed to state a cause of action; that the appellant had failed to produce competent evidence to prove a cause of

action, and that there was insufficient evidence to justify the case going to the jury. See Burns v. Fisher, 132 Mont. 26, 313 P.2d 1044, 67 A.L.R.2d 1; Wilcox v. Smith, 103 Mont. 182, 62 P.2d 237; Lesage v. Largey Lumber Co., 99 Mont. 372, 43 P.2d 896.

From the final judgment of nonsuit, the appellant appeals, and cites four specifications of error. To dispose of this case it is only necessary to consider the first three specifications which cover the granting of the nonsuit by the district court and its denial of appellant's motion for a new trial.

As to the fourth specification, it is observed that the appellant abandoned the question of testimony of an adverse witness with reference to his financial worth of his own volition and on appeal now cites it as error upon the part of the trial court. This court looks with disfavor upon this practice.

Turning to the remaining specifications of error, we find in 30 Am.Jur., § 523, p. 823, the general obligation of duty and liability to patrons on the premises as follows: "It has been held that the proprietor of a liquor establishment for on-premises consumption does not hold himself out as an insurer of the safety of his patrons and is not bound to the same degree of care toward them as devolves on innkeepers and carriers, although he does owe them the duty of exercising reasonable care to protect them from injury at the hands of a fellow patron, and of seeing to it that a patron is not injured either by those in his employ or by drunken or vicious men whom he may choose to harbor."

Reviewing leading cases from other jurisdictions, including Peck v. Gerber, 154 Or. 126, 59 P.2d 675, 106 A.L.R. 996; Gurren v. Casperson, 147 Wash. 257, 265 P. 472; MacDonald v. Cooperative Restaurant, Inc., 62 App.D.C. 48, 64 F.2d 383, 106 A.L.R. 1006; Weihert v. Piccione, 273 Wis. 448, 78 N.W.2d 757; Miller v. Staton, Wash., 1960, 354 P.2d 891, we find the general rule to be that the duty of a tavern keeper to protect a patron from injury by another arises only

when one or more of the following circumstances exist:

(1)   A tavern keeper allowed a person on the premises who has a known propensity for fighting.

(2)   The tavern keeper allowed a person to remain on the premises whose conduct had become obstreperous and aggressive to such a degree the tavern keeper knew or ought to have known he endangered others.

(3)   The tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others.

(4)   The tavern keeper failed to stop a fight as soon as possible after it started.

(5)   The tavern keeper failed to provide a staff adequate to police the premises.

(6)   The tavern keeper tolerated disorderly conditions.

None of these duties were violated here but appellant contends that certain laws of Montana dealing with the liquor business were. She relies on section 4-167, R.C.M.1947, which states:

"No person shall—

"(a)   Permit drunkenness to take place in any house or on any premises of which he is owner, tenant, or occupant; or

"(b)   Permit or suffer any person apparently under the influence of liquor to consume any liquor in any house or on any premises of which the first-named person is owner, tenant, or occupant; or

"(c)   Give any liquor to any person apparently under the influence of liquor."

And section 4-159, R.C.M.1947, providing in part:

"(2)   No person shall be in an intoxicated condition in a public place."

If we were to accept this contention the evidence is devoid of any knowledge on the part of respondents of the violation of any of these statutes. The rule followed by most courts is that when damages arise from voluntary intoxication, the seller

of the intoxicant is not liable in tort for the reason that his act is not the efficient cause of the damage. The proximate cause is the act of him who imbibes the liquor.

The appellant was obliged to prove a set of circumstances which created a duty to the injured patron and facts that would prove a breach of that duty. See Fleckner v. Dionne, 94 Cal.App.2d 246, 210 P.2d 530. Having failed to do so the judgment of the district court was correct and it is hereby affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.