OSCAR GANGER, Plaintiff and Respondent, v. G. J. ZOOK,
d/b/a Glacier Club, Defendant and Appellant.
No. 10267
Submitted September 11, 1962. Decided December 18, 1962.
377 P.2d 101

Smith, Boone & Rimel, Missoula, William T. Boone, Missoula (argued orally), for appellant.

I. James Heckathorn, Whitefish (argued orally), S. Y. Larrick, Kalispell, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This action for personal injuries arises out of a barroom altercation in which the plaintiff was knocked to the floor by patrons who were fighting in defendant's tavern. The defendant appeals from an adverse judgment for $12,000 based on a jury verdict.

The facts are undisputed, but since many of appellant's specifications of error go to the admissibility of evidence, we shall carefully review the evidence produced at the trial.

The main actors in this case are the plaintiff Ganger, Dobbs and Ingraham who were involved in the altercation, the bartender Viano who was deceased at the time of the trial, and one Cecile Goulet who was likewise deceased at the time of the trial.

It appears that around 2:30 P.M. on July 1, 1958, Cecile Goulet was with Ingraham for dinner and a few drinks. Sometime that same afternoon Cecile left Ingraham. Around 11:00 P.M. the same day Ingraham, accompanied by his young son, came into the Glacier Club. At this time, Dobbs and Cecile Goulet were sitting together at the east end of the bar and the plaintiff was sitting on a stool near the middle of the bar. There were also many other patrons in the bar. Ingraham proceeded to the west end of the bar where he ordered a beer for himself and a bottle of pop for his son.

After a while, Cecile Goulet left Dobbs to visit Ingraham, the latter buying her a drink. After conversing with Ingraham for a few moments and telling him that Dobbs was talking about them, Cecile returned to her seat beside Dobbs. Cecile than

threw her drink in Dobbs' face, and the bartender Viano took the empty glass from her. Shortly thereafter Dobbs left his stool and proceeded to the west end of the bar. Ingraham's young son warned his father of the approaching Dobbs. Thereupon the sudden altercation which forms the basis for this suit ensued. The fight consisted of two wild swings by Dobbs and a blow landed by Ingraham, knocking Dobbs against plaintiff's stool causing the latter to fall to the floor and sustain the resultant injuries. At this juncture the bartender Viano acted immediately to break up the fight.

The general character and reputation of Dobbs and the Glacier Club itself were interjected into the case by the plaintiff. In this regard, the Glacier Club was characterized as the type of bar in which fights and disturbances occurred regularly, and Dobbs, in addition to being characterized as a man with a terrible reputation for viciousness, was shown to have been involved in many previous fights in the Glacier Club, one of which is described in plaintiff's exhibit 18.

Defendant's motions for nonsuit, directed verdict, and new trial after rendition of judgment on the jury verdict having all been denied, an appeal to this court was prosecuted.

Of defendant's specifications of error we shall discuss two issues which appear to be determinative here: First, whether or not the district court erred by admitting plaintiff's exhibits 17 and 18, and other evidence concerning Dobbs' propensities for fighting; and, second, whether or not the doctrine of assumption of risk is applicable.

The defendant attacks the admission into evidence over his objection of an arrest record, which reads:

```
                    "Waggener and Ulrich
                      "Arresting Officer
"TIME        11:45         Date 7-25-57
"NAME        Dobbs, Leonard              RACE   W
"OFFENSE     Disturbing the peace
```

"WHERE ARRESTED    Glacier Club For What Department K.P.D.

"OFFICERS REMARKS  Called to Glacier Club. Dobbs and Earl Hearres going at it. Dobbs on bottom. I talked to witness who said Dobbs busted Ila Jensen with a beer bottle on the beak and Hearres took Ila's part and dumped Dobbs on his can.
TED

"$25.00 fine and 15 days

"County jail—committed to County Jail 7/26/57"

The foregoing recounts the details of a fight in which Dobbs participated almost a full year prior to the altercation involved in the instant case. Plaintiff's exhibit 17, an extract from the daily police log reporting the July 25, 1957, fight to the police was admitted over defendant's objection. Hence, what we say hereinafter as to the relevancy of plaintiff's exhibit 18 will apply equally to plaintiff's exhibit 17.

In addition to the foregoing records of arrest, testimony concerning other fights by Dobbs in the Glacier Club and testimony as to Dobbs' reputation for viciousness was elicited at the trial. For example, plaintiff Ganger was permitted to testify that prior to the accident in which he was injured, he had observed eight or ten fights by Dobbs in the Glacier Club; also, Kalispell Police Chief Curtis was allowed to testify that Dobbs' reputation for viciousness in the community was terrible.

Plaintiff's exhibit 18, the testimony concerning other fights, and the testimony concerning Dobbs' reputation for viciousness are obviously aimed at imputing to the management of the Glacier Club a knowledge as to Dobbs' propensities for fighting.

There is, however, no testimony here which suggested that the bartender had any knowledge that Cecile Goulet and Ingraham were together earlier in the day so that he would have been alerted to the possibility of the sudden altercation which occurred.

In Nevin v. Carlasco, 139 Mont. 512, 365 P.2d 637 (1961), this

court recognized the rule that a tavern owner violates his duty to other patrons by allowing on the premises a person of known propensities for fighting.

Yet, in his complaint, plaintiff adopts a theory predicated on defendant's negligence in failing to prevent and failing to suppress an altercation between two patrons, which acts of negligence are also violations of a tavern owner's duty to his patrons. Nevin v. Carlasco, supra. It would seem therefore that all evidence concerning Dobbs' propensities for fighting would be wholly irrelevant to the issues framed in the complaint, and, as such, should not have been admitted over the defendant's objection.

Since this is a close case on the facts, we take the view that the trial court by admitting evidence as to Dobbs' propensities for fighting committed error which was prejudicial to the defendant's case. The admission of such evidence could very well have tended to draw the jury's attention away from the issues it had been called upon to resolve. For example, the jury may have held the bartender Viano to a greater degree of care than the law requires in failing to prevent and suppress the altercation merely for the reason that one of the participants was a man of Dobbs' character and reputation. We think therefore the error was not harmless, and, accordingly, the judgment must be reversed.

Turning once again to plaintiff's exhibit 18, we make the further observation that if the theory of plaintiff's case were the negligence of the defendant in allowing a person of known propensities for fighting on the premises, we would deem this hearsay document inadmissible under the rule which excludes statements contained in police reports and records concerning the cause of injury. For a collation of cases on this subject see 69 A.L.R. 1152.

Concerning defendant's contention that the doctrine of assumption of risk is available as a defense in this case, we need only point out that the evidence does not show the

required continued peril to which the plaintiff knowingly subjected himself. Obviously, here the doctrine is not applicable because the plaintiff was a business invitee of the defendant, and, although a tavern proprietor does not insure the safety of his patrons, he does owe them a duty of reasonable care for their safety. See Nevin v. Carlasco, 139 Mont. 512, 365 P.2d 637 (1961).

For these reasons the judgment is reversed.

MR. JUSTICES ADAIR, CASTLES, and HONORABLE L. C. GULBRANDSON, District Judge, sitting in place of MR. JUSTICE DOYLE, concur.

MR. JUSTICE JOHN C. HARRISON dissents.