MR. JUSTICE SHEEHY,
concurring and dissenting.
I concur with the majority opinion but dissent from its holding that the “reasonable cause” finding of the state Human Rights Commission and the testimony of its compliance officer are not admissible.
After his discharge, Mahan filed a complaint of age discrimination in employment with the Federal Equal Employment Opportunity Commission (EEOC). That agency deferred investigation of Mahan’s complaint to the Montana Human Rights Commission. Mahan filed a perfected state complaint with the Montana Human Rights Commission on August 19, 1983, based on § 49-2-303, MCA.
After the Commission’s staff investigated the complaint, it made a *425 written finding of reasonable cause to believe Mahan had been subjected to age discrimination in his employment with Cenex. The written finding was made on August 16, 1984. On October 5, 1984, because the complaint had been pending for more than one year at that point (§ 49-2-509(1) (b), MCA), at the request of Cenex, the Commission issued a “right to sue letter.” This procedure compelled Mahan to file a de novo action in District Court (§ 49-2-509(7), MCA.). Mahan filed his complaint in the District Court on December 6, 1984, including his age discrimination claim with other theories of recovery against Cenex.
In a special interrogatory, the jury found that Cenex was not guilty of age discrimination in terminating Wayne Mahan.
During the course of the trial the District Court ruled that Jerry Keck, the compliance officer of the Human Rights Commission, could not give testimony as to the regular procedures of the Human Rights Commission in investigating a complaint of age discrimination or his testimony as to where he obtained the information used in making a finding. The court further ruled that the written reasonable cause finding issued by the Commission was not admissible. The Human Rights Commission found that 5 younger engineers were hired and that 4 older engineers were discharged. One engineer was hired just 6 months before notice was given to Mahan of his discharge. Mahan also offered testimony through Keck that by the action of Cenex in refusing severance pay to Mahan after he filed an age discrimination complaint, Cenex may have been in violation of the retaliatory provision of the Human Rights Act. (Section 49-2-301, MCA.)
The Human Rights Commission filed in this appeal an amicus curiae brief. The purpose of the amicus brief was to inform the court of the development of law on the admissibility of Commission findings, the testimony of its staff members, and the use of statistics gathered during investigation as “probative evidence.”
The District Court refused the written finding of reasonable cause based on Rule 803(8) (iv), M.R.Evid. The court denied the oral testimony of Jerry Keck also.
Thus, there are two subissues which should be determined by us; one, whether the report of reasonable cause was admissible; and two, whether the oral testimony of Jerry Keck should have been allowed.
In Chandler v. Roudebush (1976), 425 U.S. 840, 48 L.Ed.2d 416, 96 S.Ct. 1949, the United States Supreme Court determined that such a report was admissible, relying on § 803(8) (c) of the Federal Rules *426 of Evidence. Cenex contended before the District Court (and the District Court agreed) and now contends that the Rule 803(8) as adopted in Montana is different from the federal rule and therefore Chandler is not authority.
The pertinent part of Rule 803, M.R.Evid., is as follows:
“Rule 803. Heresay exceptions; availability of declarant immaterial.
“The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
“. . . (8) Public Records and Reports. To the extent not otherwise provided in this paragraph, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to an authority granted by law. The following are not within this exception to the hearsay rule: . . . (iv) factual findings resulting from special investigation of a particular complaint, case, or incident; and (v) any matter as to which the sources of information or other circumstances indicate lack of trustworthiness.” The Montana Supreme Court Commission on Rules of Evidence, in adopting what is now Rule 803(8) purposely departed from the federal rule. It explained why in its comment contained in its report to this Court on November 3, 1976:
“Exception (8). Public records and reports. This exception is not the same as Federal Rule 803(8), but is identical to Uniform Rule (1974) 803(8). The Commission chose to adopt the Uniform provision because it was clearer than the Federal Rule and because it expressed better policy with certain reports in requiring the official to testify, rather than admitting his report as a hearsay exception.
“The guarantee of trustworthiness of this exception can be found partly under Exception (6), records of regularly conducted activity, partly under the assumption that official duty is regularly performed [R.C.M. 1947, Section 93-1301-7(14)] and ‘the unlikelihood that he will remember details independently of the record.’ Advisory Committee’s Note, Supra 56 F.R.D. at 311.
“This exception is consistent with existing Montana law except that it clarifies several areas where official reports are to be excluded. R.C.M. 1947, Section 93-1001-32, provides the entries in official books or records, made in the performance of official duty are prima facie evidence of the facts stated therein. R.C.M. 1947, Sec *427 tion 93-901-1, et. seq., the Uniform Official Reports as Evidence Act, modernizes this exception to the hearsay rule. Section 93-901-1, MCA, provides: ‘Written reports or findings of fact made by the officers of this state, on a matter within the scope of their duty as defined by statute, shall, insofar as relevant, be admitted as evidence of the matter stated therein.’ The adoption of the exception is intended to remove the restriction of admitting only reports from state officials, found in the statute and applied in Richardson v. Farmers’ Union Oil Co., (1957) 131 Mont. 535, 553, 312 P.2d 134 (1957). Note that a police report was excluded in a civil case, but on grounds that it stated the cause of an injury, in Cagnier v. Zook, (1962) 141 Mont. 214, 377 P.2d 101. This exception is inconsistent with State v. Snider, (1975) 168 Mont. 220, 541 P.2d 1204, 32 St.Rep. 1056, 1062, which held a state chemist’s report admissible under Section 93-901-1, RCM (1947), and so this case is overruled by this exception.
The comment of the Commission made it clear that in those cases where reports of agency action are refused, it is “better policy with certain reports in requiring the official to testify.” The refusal therefore of the District Court to allow the testimony of Jerry Keck flies in the face of the reason adopted by the Commission in refusing the report in the first place.
There is an internal conflict within the present form of Rule 803(8). In the first sentence it makes admissible “factual findings resulting from an investigation made pursuant to authority granted by law.” The authority of the Human Rights Commission to investigate age discrimination cases is found in Chapter 2, of Title 49, MCA. Therefore under the first sentence of 803(8) its report of reasonable cause should have been admitted. However, subparagraph (iv) “factual findings resulting from special investigation of a particular claim, case or incident,” seems to take away what is granted in the first sentence.
In the face of the ambiguity contained in Montana’s § 803(8), the better practice is to follow the examples of the federal courts in construing the reports of the EEOC. The court of appeals for the Ninth Circuit strongly favors the admission of such reports as these in federal cases. Bradshaw v. Zoological Society of San Diego (1978), 569 F.2d 1066; Plummer v. Western International Motels Inc. (1981), 656 F.2d 502. In that Court of Appeals, whose jurisdiction includes Montana, under the federal system (it is also true in our system) the report to the Court of the Commission requires a de novo proceed *428 ing. The trier of fact therefore must determine from the beginning and on its own whether or not an infraction of the discrimination statutes occurred. The court said in Plummer:
“A civil rights plaintiff has a difficult burden of proof and should not be deprived of persuasive evidence. We therefore hold that the plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether a case is tried to a judge or jury . . .”
656 F.2d at 505.
The weight, of course, of this evidence is for the jury to decide.
Amicus brief points to a jury instruction in Gilchrist v. Jim Slemons Imports, Inc. (9th Cir. 1986), 803 F.2d 1488, 1500-1501, wherein the Court approved:
“The District Judge instructed the jury that ‘the letter need be given no greater weight than any other evidence in deciding the age discrimination claim’ and ‘that you, the jury, and not the EEOC are the sole judges of whether or not there was a violation of the Age Discrimination Employment Act.”
The reason for admitting such reports was expressed by Smith v. Universal Services, Inc. (5th Cir. 1972), 454 F.2d 154:
“. . . The action of the EEOC is not agency action of a quasi-judicial nature which determines the rights of the parties subject only to the possibility that the reviewing courts might conclude that the EEOC’s actions are arbitrary, capricious or an abuse of discretion. Instead, the civil litigation at the district court level clearly takes on the character of a trial de novo completely separate from the actions of the EEOC. (Citation omitted.) It is thus clear that the report is in no sense binding on the District Court and is to be given no more weight than any other testimony given at trial.
“This is not to say, however, that the report is inadmissible. A trial de novo is not to be considered a trial in a vacuum. To the contrary, the district court is obligated to hear evidence of whatever nature which tends to throw factual light on the controversy and ease its fact-finding burden.”
454 F.2d at 157.
Though the Court of Appeals for the Ninth Circuit holds such reports admissible as a matter of right, its view of admissibility is by no means the minority view. Courts considering admissibility generally determine that the question is discretionary with the courts, and as the brief of amicus points out, without burdening this opinion with extraneous citations, reports are admissible as “significant *429 evidence,” as “discretionary,” “absent prejudice,” in the exercise of “sound discretion,” “admissible unless shown not trustworthy,” and similar holdings.
We are also concerned about the impact that a ruling of inadmissibility for Commission reports would have on other areas of illegal discrimination. The Human Rights Commission concerns itself with not only age discrimination, but other discrimination in employment, in public accommodations, in housing, in financing and credit transactions, in education, in insurance and retirement plans, in maternity leave, and in discrimination by the state. Part 3, Chap. 2, Title 49, MCA.
The better view, to be consistent with the Ninth Circuit, is to hold such reports admissible, and for the trial court to instruct the jury to give such reports only the weight they should be accorded.
In like manner, the oral testimony of Jerry Keck should have been admitted by the District Court. As an agent of this State, making an investigation which is authorized by law, his findings of fact were admissible, and constituted probative evidence which would be an aid to the jury.